## ANDERSON v. JOHN AND THOMAS DICKSON.

1. In declaring on a bond with condition, the plaintiff may declare upon the penalty, or set out the condition and assign breaches at his election. If he pursues the latter course, advantage may be taken of an insuffiient assignment of breaches, in the same manner as if they had been assigned in answer to a plea of performance.
2. It is not necessary to assign as a breach any fact which is admitted by the bond itself.
3. The only breach necessary to be assigned in a suit upon the bond which the plaintiff in detinue is required to execute, upon suing out the writ, is the failure of the plaintiff in the suit.
4. This Court will judicially notice when the terms of the Courts are held.

Error to the County Court of Marengo.

DEBT, by the plaintiff against the defendants in error, upon a bond in the penal sum of $8,000, made by the latter, to the former under the statute, for the prosecution of an action of detinue for certain slaves.

The declaration, after reciting the obligatory part of the bond, proceeds to recite the condition, " to wit : That is, the said John Dickson had, on the day of the date of said bond, issued out of the office of the clerk of the Circuit Court of Marengo County, a writ in detinue, as guardian of William J. White, and Thomas D. White, returnable to a certain term of said Court, to be holden in and for said county, on the fourth Monday after the fourth Monday in March, 1843, to recover of the said John B. Anderson, certain slaves, to wit: &c. &c. then in the possession of the said Anderson. It was therefore conditioned, that if the said J. Dickson should fail in the said suit, he should pay the said plaintiff, John B. Anderson, all costs and damages which he might sustain by the wrongful suing out of said writ, then this obligation should be null and void, as by the said writing obligatory and the condition thereof will more fully and at large appear. And the said plaintiff avers, that afterwards, to wit: at the fall term of the Circuit Court of the county aforesaid, in the year 1843, the said action of detinue, in the said condition mentioned, was tried, and legally terminated,

and the said J. Dickson did fail in said suit. And the said plaintiff also avers, that by the wrongful suing out said writ in detinue, he has sustained costs and damages to a very large amount, to wit, the amount of one thousand dollars, of all which the defendants had notice, no part of which the defendants have as yet paid, although often requested; by reason of which said breach, the said writing obligatory became and was forfeited, and an action hath accrued to the plaintiff, to demand and have of the said defendant the said sum of $8,000, &c.

To this declaration the defendants demurred, and the Court sustained the demurrer, and rendered judgment for the defendants, which is now assigned for error.

Lyon and Hopkins, for the plaintiff in error, contended, that the averment of the time of commencing the suit was sufficiently certain. That the plaintiff was not bound to assign breaches until a plea of performance. [4 Ala. Rep. 243; 2 Stew. 370; 5 Porter, 395.]

Peck and Brooks, contra. The declaration is uncertain,—

In not alledging the time and place where the action was commenced, nor when and where it was determined. It is not shown that the sheriff was authorized to seize, or did seize the property of the plaintiff.

Every material averment must be alledged with precision and certainty, and not by way of recital.

It is not shown that the plaintiff was damaged. [1 Ala. 454; 21 Wend. 270.]

ORMOND, J.—Our statute authorizing the plaintiff to assign as many breaches as he thinks proper, Clay's Dig. 330, § 97, is a transcript of the 8 and 9 Wm. 3, c. 3, under which it has always been held, that the plaintiff may sue for the penalty of the bond, and need not assign breaches until the defendant craved oyer of the condition of the bond, and pleaded performance. [Gainesford v. Griffith, 1 Saunders, 72, in note.] But the learned commentator upon Saunders suggests, that the better plan is to set out the condition, and assign breaches in the declaration. When that is the course pursued, as in this case, it must certainly be attended by the same consequences, as if the breaches had been

Anderson v. John and Thomas Dickson.

assigned in a replication to the plea of performance, and if they would be insufficient in the latter case, they must be so also in the former. We proceed therefore to the consideration of the breaches assigned.

It is objected that the breaches are insufficient, in not alledging when, and where, the action of detinue was commenced—nor when and where, it was determined—nor that the sheriff was authorized to seize, and did seize, the slaves of the plaintiff.

The bond upon which this action is brought is provided by statute, (Clay's Dig. 317, § 31, 32,) by which the plaintiff, upon making affidavit, and executing a bond, with the condition to pay the plaintiff all costs and damages he may sustain by the wrongful suing out of the writ, confers authority upon the clerk to direct the sheriff to take the property sued for into his possession, and if the defendant does not, within five days thereafter, execute a bond for the indemnity of the plaintiff, the sheriff delivers the property to the plaintiff, on his executing a bond, with condition to deliver the property to the defendant, in case he fails in the suit. It is upon the first of these bonds that this suit is brought.

It certainly is not necessary that the plaintiff should assign as a breach of the condition of the bond, any fact which is admitted by the bond itself; it is only necessary to alledge the existence of those facts, upon the happening of which, by the condition of the bond, the penalty of the bond attached. The condition of the bond contains a distinct admission, that a writ had been sued out, in detinue by the plaintiff at a particular time, returnable at a particular time, to the Circuit Court of Marengo, to recover of the defendant certain slaves, then in his possession. These facts the present defendant is estopped by his deed from denying, and it was therefore not necessary to aver their existence, further than by the recital of the condition.

The only fact upon the happening of which the penalty was to be forfeited, is the failure of the plaintiffs in the suit. This is sufficiently alledged by the averment, "that afterwards, to wit, at the fall term of the Circuit Court for the county aforesaid, in the year 1843, the said action of detinue, in the said condition mentioned, was legally terminated, and the said John Dickson did fail in said suit." The time when the Courts are held being regulated by statute, will be judicially noticed; the averment is

therefore sufficiently certain, as the "fall," or autumnal term in the year 1843, must have been held at the time required by law.

No question is made upon the record as to the measure of damages for a breach of the condition of the bond here sued upon. Let the judgment be reversed and the cause remanded.