Pryor v, Beck.

## PRYOR vs. BECK.

1. The general rule is, that it is sufficient to assign a breach in the words of the contract ; if the language employed is co-extensive with the words of the condition, and negatives its performance, it is sufficient.

2. A general demurrer must go to the whole declaration ; and if the declaration be good to recover a portion of the sum sued for, the demurrer should be over-ruled, except in cases, if any such exist, where the entire amount must be recovered or none at all.

3. In debt on bond given for the security of costs, it is not necessary to allege in the declaration, that an account or bill in writing containing the particulars of the fees was produced or ready to be produced to the defendant, nor that the clerk and sheriff kept fee books in which were entered the fees sought to be recovered.

4. A transcript of a judgment certified in due form by the proper officer is admissible in evidence for the plaintiff, in a suit against the securities for costs, although the clerk by whom it is certified may be entitled to a portion of the costs sought to be recovered.

5. After the cost is taxed it becomes part of the judgment, and cannot be impeached, when drawn in question collaterally, either in the court in which the judgment was rendered, or in any other ; the items of cost can only be re-examined by a direct motion to retax, made in the court in which the judgment was rendered.

6. In debt on bond for security of costs, the plaintiff can recover the fees of the witnesses who were summoned by the plaintiff in the original suit ; he is a trustee for the benefit of all, and must recover to the extent of the interest of all who were designed to be protected by the bond.

7. When no pleas are found in the record, and a trial is had on the merits, the Appellate Court will only presume that such pleas were filed as went to the merits of the action, and will not presume that a special plea, technical in its character, and not reaching the merits of the cause, was also filed.

8. A certified transcript of a judgment is only *prima facie* evidence of the judgment itself, and does not preclude the defendant from showing the true amount of the judgment ; this may be done, either by introducing another transcript, for the true amount, certified by the same officer, (and then the jury must de-

26

cide which transcript is correct,) or by copies connected with parol proof of their correctness.

9. But an execution signed by the clerk, but not certified by him, with nothing upon it to show that it has ever been in the hands of the sheriff, cannot be regarded either as the original execution or a certified copy of it, and is not admissible to prove the amount of the judgment for costs.

ERROR to the Circuit Court of Montgomery.
Tried before the Hon. GEORGE GOLDTHWAITE.

This was an action of DEBT, by Beck as surviving obligee, on a bond executed by Pryor and others, as securities for costs in a certain suit instituted by Margaret Batchelor against Pharr & Beck. The condition of the bond is set out *verbatim* in the opinion of the court, and also the breach assigned in the declaration. The defendant demurred to the declaration, and his demurrer being overruled, he pleaded over, but his pleas do not appear in the record.

The plaintiff offered in evidence a certified transcript of the judgment rendered in the case of Batchelor v. Pharr & Beck, to which the defendant objected, on the ground that the clerk by whom it was certified was interested in the recovery, being entitled to a part of the costs. The objection was overruled, and defendant excepted. The defendant also objected to the reading of each item of the bill of costs attached to the transcript, unless it should appear by said transcript that such items had been properly charged, or the services rendered for which they were charged. The objection was overruled; and the court instructed the jury, that the said bill of costs was conclusive evidence of the correctness of the several items contained therein, and of the fact that the services had been rendered; to which also the defendant excepted.

The defendant further objected to several items contained in the bill of costs, because the witnesses whose fees constitused these items were summoned by said Batchelor, and not by Pharr & Beck. This objection also was overruled, and the defendant excepted.

The defendant offered to read to the jury an execution issued in the case of Batchelor v. Pharr & Beck, on which was endorsed a bill of costs, signed by the clerk, for the purpose of showing that the bill of costs attached to said trans-

cript was for too much. Plaintiff objected to the introduction of the execution, and his objection was sustained; to which defendant excepted. This execution is copied in the bill of exceptions, and appears to be signed by the clerk, but is not certified by him.

The defendant asked the court to instruct the jury: 1. That, as the plaintiff had not proved that the clerk had kept a fee book in his office, on which he had entered in regular account the fees due him charged in said bill of costs, they should not find for the plaintiff, for any part of said bill of costs due to said clerk, nor for any sheriff's costs; 2. That, as the plaintiff had not produced, nor offered to produce to the defendant, a bill or account in writing containing the particulars of the fees sought to be recovered, signed by said clerk, they should not find for said plaintiff, for any part of said bill of costs due said clerk.

These charges were refused, and the jury were instructed to find for the plaintiff, for the amount of all the witness fees, and all the other items contained in said bill of costs. The defendant excepted to the charge given, and to the refusal to charge as requested; and now assigns them for error, together with the other matters already stated to which exceptions were taken.

T. H. WATTS and B. J. WHATLEY, for plaintiff in error. BELSER & RICE, contra.

DARGAN, C. J.—The declaration is upon a bond executed by Margaret Batchelor as principal, and the defendant and others as securities, and is subject to a condition to the following effect: "That whereas the said Margaret was prosecuting a suit against Pharr & Beck, to recover for goods sold and services rendered them by the intestate of the said Margaret: Now if she shall prosecute her suit with effect, and pay and satisfy all the cost that may be awarded said Pharr & Beck, and to the officers of the court, then the bond to be void; otherwise to remain in full force and effect." The breach of this condition as set out in the declaration is, that a judgment for costs was rendered in favor of Pharr & Beck, and the amount awarded to them and to the officers of the court

is three hundred and forty-four $67\frac{50}{100}$ dollars, which the said defendant failed to pay, nor had such cost been paid by any one else.   To this declaration the defendant demurred, on the grounds that it was not alleged that there was produced, or ready to be produced, to the defendant an account or bill in writing containing the particulars of such fees, and also on the further ground that it was not alleged that the clerk and sheriff kept fee books in which the fees sought to be collected were entered.

Our act, it is true, requires that the different clerks and sheriffs shall keep fee books, in which shall be entered all items of costs or fees due those officers.   See Clay's Dig. 237, § 3-4.   But we do not think this act can have the effect to alter the rule of pleading as applicable to the bond before us. The general rule is, that it is sufficient if the breach be assigned in the words of the contract, and if the language employed be co-extensive with the condition, and negative its performance, this is sufficient.   Chit. Plead. 332-333.   But independent of this general rule, the act referred to only requires that those officers shall enter into their books the fees due to them, and not such fees or compensation as may be due to the witnesses in the cause; and this suit is brought to recover all costs.   If, therefore, it were even necessary to aver that the fees due the clerk and sheriff were regularly entered in the books provided by law to be kept, still the failure to aver this, in the case before us, would not render the declaration defective, as it seeks to recover all the cost, and not such fees only as were due the clerk and sheriff.   A general demurrer, in order to be sustained, must go to the whole declaration, and if the declaration be good to recover a portion of the sum sued for, the demurrer should be overruled; unless, indeed, there may be cases (but as to which we will not stop to inquire) in which the entire amount sued for must be recovered or none.   If there be such cases, or if they could be supposed, then, it may be, that if the declaration was imperfect as to a part of the demand, a demurrer would go to the whole action.   But this certainly is not the case at bar.   Indeed, we think that the breach as assigned, is sufficient to entitle the plaintiff to recover all costs.

We are also of the opinion, that the court did not err in

allowing the transcript of the judgment to be read as evidence, upon the usual certificate of the clerk. The ground of objection was, that the clerk was interested in the result of the suit, he being entitled to a portion of the cost sought to be recovered, and therefore his certificate came from one who could not be examined as a witness, and, consequently, he was incompetent to certify.

This objection would apply to almost every case where the transcript of a judgment, certified by the clerk, was sought to be introduced as evidence in an action of debt, founded on the judgment; for in most of them, the cost of the original suit is sought to be recovered, in which the clerk has, *prima facie* at least, an interest, and if we were to sustain this objection, we would in effect destroy one of the rules by which the record of a judgment may be proved, to wit: by the certificate and seal of the keeper of the record. The test by which the judgment may be proved is, whether it is certified by the proper officer, and in due form. If these requisites appear, then the record is admissible, whether the officer have an interest in it or not.

The next question presented in the course of the argument is this: can a party against whom cost has been taxed, controvert the amount thereof in any other mode than by a direct motion to have the cost re-taxed?

The taxing of cost, it is true, is a ministerial act; at least to this extent, that it is subject to be revised by the court, and corrected if found incorrect. But when the act is done, that is, when the cost is taxed, it then becomes part of the judgment, and may be collected as such, either upon the execution issued on the judgment, or recovered in an action of debt; and if it be a part of the judgment, it must follow that the taxation cannot be impeached, when drawn in question collaterally, either in the court in which the judgment is rendered, or any other. In the case of Brady v. The City of New York, 2 Barbour's S. C. R. 569, the question was directly presented, and the court held, that the taxation of cost was a judicial act, and could not be collaterally impeached. See also Allen v. Hickman, 1 Hals. 409. We think this is the correct rule; and also, that a party who would re-examine the tems of cost as taxed, must do so by a direct motion to have

the cost re-taxed, which can be made only in the court in which the judgment was rendered.

It is also insisted, that the fees of the witnesses who were summoned on the part of the plaintiff in the original suit, cannot be recovered in this, because Pharr & Beck could not be made to pay them, and therefore they are not covered by the bond. But we think otherwise. The object of the bond is, to secure the collection of all costs, not only such as the obligee may be compelled himself to pay, but all that shall accrue, and the bond can be put in suit only in the name of the obligee; he, therefore, must recover all the cost, without regard to the question whether he could be made liable to pay all or not. He is a trustee for the benefit of all, and as such, must recover to the extent of all who are designed to be protected by the bond.

The defendant prayed the court to instruct the jury, that, as it had not been proved that the clerk kept a fee book in which all the fees due him had been regularly entered, that such fees could not be recovered; and further, that as it had not been proved that the plaintiff had produced, or was ready to produce to the defendant an account or bill in writing containing the particulars of the fees due to the clerk, that such fees could not be recovered; which charges were refused. The statute we have referred to requires, that the clerks shall keep a fee book, in which they shall enter the fees due them, and also declares, that none of the fees shall be payable until there be produced or ready to be produced to the person chargeable therewith, a bill, or an account in writing, containing the particulars of such fees, signed by the clerk or officer to whom such fee shall be due, or by whom the same is chargeable, &c.

Whether it is necessary, when the suit is on the bond, to produce the bill or account in writing contemplated by this act, or to prove that the officers kept regular fee books, I do not think it is necessary to decide; for there is no plea found in the record, and the presumption is, that none in fact was filed. This is not error after a trial before the jury, when the parties appeared and contested the case as if there had been pleas regularly filed. Lucas v. Hitchcock, 2 Ala. 287; Castleberry v. Pierce, 2 Stew. & Por. 141.

But when no pleas are in fact filed, but a trial is had on the merits, we can only presume that such pleas were filed as went to the merits of the action; that is, such as the general issue, payment, &c. We will not intend that a special plea, that is technical in its character and does not reach the merits of the cause, was filed. In the case before us, we would presume that a plea, showing there was no breach of the condition of the bond or payment, was filed, or perhaps any other plea that would show that the plaintiff had not, and never would have, a cause of action on the bond. But the defence insisted on by the defendant only goes to this action, even if it could be allowed, and would not preclude the bringing of another suit for the same fees, after they had been regularly entered in the fee book, and a bill of them produced and rendered to the defendant. This defence, then, is a purely technical one, and we cannot presume that it was presented by a special plea. If it had been, in all probability it would have been, or at least it could have been, disproved, and as it was not, the plaintiff was justified in supposing that the grounds of defence relied on, went to the merits of the action only; and to allow the defendant to take advantage of the non-production of proof, when he had not required it by a special plea, would be to allow him to take advantage of his own neglect. If he intended to insist on this defence, he should have pleaded it specially; as he did not, the plaintiff might well consider that it was waived.

The last question we propose to examine is, whether the court erred in rejecting the execution as evidence, which was offered by the defendant to show that the cost was less than it appeared to be in the certified transcript.

Although a judgment is conclusive between the parties as to every fact decided by it, yet the the certified transcript is only *prima facie* evidence of the judgment itself. For instance: suppose the judgment be for one hundred dollars, and the clerk by mistake should make out a transcript showing it to be for two hundred, the defendant would not be precluded from showing the true amount; such proof would not controvert any fact determined by the judgment. This, I think, may be done either by introducing a transcript for the true amount, certified by the same officer, (and it would then be

for the jury to decide which was the correct transcript) or it might be done by copies connected with parol proof that such copies were correct. The only question on this branch of the case, therefore, is, was the execution properly certified by the clerk, or did it appear to be the original execution itself, which had become part of the record. The execution is signed by the clerk, but it is not certified by him; it therefore could not be received as a transcript regularly certified by the keeper of the record, and there is nothing upon the instrument itself to show that it is the original, or that it is a part of the record. It is issued against Margaret Batchelor and all her securities for cost, when the judgment for cost is against her alone. It does not appear ever to have been put in the hands of the sheriff. We, therefore, cannot hold it to be the original execution which has become part of the record; nor is it a transcript proved or certified; consequently it was properly rejected.

We can perceive no error in the record of which the plaintiff in error can complain, and the consequence is, that the judgment must be affirmed.

CHILTON, J., did not sit in this cause.