# Baker *et al. v.* Pope.

## *Action on Detinue Bond.*

1. *Sufficiency of complaint, in action on detinue bond.* — In an action on a detinue bond (Rev. Code, § 2629), it is not necessary to allege in the complaint that the writ was sued out wrongfully or maliciously ; nor to set out the affidavit on which the writ was issued, or to take any notice of it ; nor to allege that the plaintiff in the detinue suit did not have probable cause to sue.

2. *Same.* — An averment in such complaint, that the plaintiff in the detinue suit " did fail in his said suit in detinue, and has wholly failed to pay the said A. B., the plaintiff in this suit, all the costs and damages that he sustained by reason of the wrongful suing out of said detinue writ," is a sufficient averment that the detinue suit has been tried and determined, and that the defendant therein has sustained damage by the bringing of said suit.

3. *Appearance without service of process.* — An appearance by attorney is a waiver of the want of service of process.

4. *Approval of detinue bond, by clerk.* — The clerk's approval of the plaintiff's bond, in a detinue suit, will be presumed from his official indorsement on the writ, " that the sheriff is required to take the property mentioned in the complaint into his possession."

5. *Relevancy of evidence.* — In an action on a detinue bond, issue being joined on the breaches assigned, evidence showing the taking and detention of the property in the detinue suit, or what the plaintiff therein " told the sheriff, as to his getting possession, and why he detained the same," is irrelevant.

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. P. O. HARPER.

[Baker *v.* Pope.]

WM. H. HOUGHTON, for appellants.

JNO. A. PADGETT, *contra.*

PETERS, C. J. — This is an action on bond with condition. After stating the venue, the term of the court, and the names of the parties, the complaint proceeds as follows : " The plaintiff claims of the defendants the sum of two hundred dollars, for the breach of the condition of a bond made by the defendants on the 19th day of July, 1871, payable to the plaintiff, in the sum of two hundred dollars, with condition that, if the principal obligor in said bond, Elisha Baker, should fail in his suit in detinue in the Circuit Court of Crenshaw County, Alabama, against the said George J. Pope, and if the said Elisha Baker, plaintiff in detinue as aforesaid, all such costs and damages as he, said Pope, should sustain by reason of the wrongful complaint and wrongfully suing out of said detinue writ, then the obligation in said bond to be void ; otherwise, to be of full force and effect. And the plaintiff says, that the condition of said bond has been broken by the defendants, in this : 1st. That the said Elisha Baker did fail in his said suit in detinue, and has wholly failed to pay the said George J. Pope, plaintiff in this suit, all the costs and damages that he sustained by reason of the wrongful suing out of said detinue writ ; to the damages of plaintiff as above stated. And plaintiff alleges, that said complaint was wrongfully sued out by the defendants, to the damages of plaintiff in said sum of two hundred dollars as aforesaid ; therefore he sues. And plaintiff further avers, that said bond has been broken, in this, to wit : that the said complaint named in the said recited bond was wrongfully sued out, whereby plaintiff was compelled to employ counsel to defend said suit, then wrongfully sued out, at a cost of a large sum, to wit, the sum of one hundred dollars ; and plaintiff further avers, that he was compelled to attend court in the defence of said suit, for a long time, to wit, for the space of twenty days, which was of fifty dollars ; all of which said alleged damages, plaintiff avers, was the consequence of the wrongful suing out of the complaint."

The defendants in the court below demurred to this complaint, and stated six objections in the demurrer. I set them out at length, as they do not permit of easy condensation. They are as follows : " 1. It is not alleged, that the writ of detinue was sued out either wrongfully or maliciously." " 2. Because the affidavit, on which the detinue suit was grounded, is not set out in the complaint, its truth not denied, and the affidavit not even alleged to " (*alluded to ?*). " 3. Because it is not alleged that the plaintiff in the detinue suit did not have prob-

[Baker *v.* Pope.]

able cause to sue." " 4. Because the plaintiff claims damages under a writ, or other authority of this court, but fails to set out in his complaint, substantially and particularly, the ground or cause of such pretended damages." " 5. Because it is not alleged that said detinue suit has ever been tried and determined, and that any damages whatever has ever accrued to plaintiff, by reason of the bringing of said suit." " 6. Because the suit is progressing against all the defendants, and there is no evidence before the court that Baker, one of the defendants, was ever served with process."

This demurrer was overruled by the court, and the parties then went to trial by a jury. On the trial, the plaintiff offered the detinue bond in evidence on his behalf. To this bond the defendants objected, because said bond had never been approved by the clerk. This objection was overruled by the court, and the defendants excepted. The plaintiff then offered all the papers in the detinue suit to the jury, and also the judgment in that suit in his behalf, which does not seem to have been objected to by the defendants. The bill of exceptions then recites that, " The defendant then asked said witness, who took possession of said property sued for in the detinue suit, (?) with a view of showing the taking and detention of the same." To this the plaintiff objected, and the court sustained the objection, and the defendants again excepted. The bill of exceptions further shows, that " The defendants then introduced one M. Register as a witness, to prove that he was sheriff of said county at the time the detinue writ was sued out; that he *proved* (*found ?*) the property in the possession of the plaintiff in this suit, and also to prove what the plaintiff said as to his getting possession, and why he detained the same." The plaintiff objected to this evidence, and the court sustained the objection, and again the defendants excepted. Out of these exceptions, and the demurrer above set out, the errors complained of arise. Judgment was rendered for the appellee in the court below, and the appellants bring the case here by appeal.

1. The transcript in this case seems to have been made up with very little care, and there are no briefs filed by the counsel on either side. It is not impossible that, in such a case, this court may not see the questions intended to be raised in the light that the parties litigant intended to present them. But I make out, from the record, that the appellants sued the appellee in an action of detinue, or " an action for the recovery of chattels in specie," under the provisions of the Code. Rev. Code, §§ 2593 *et seq.* This action of detinue was begun in Crenshaw County, on the 19th day of July, 1871, and was terminated by a judgment, on verdict of a jury, on the 15th day of September, 1871, in favor of the defendant, for costs of suit.

[Baker v. Pope.]

After this suit in detinue was thus disposed of, Pope brought this action on the bond given in the detinue suit. In such an action, all that is necessary to be alleged is, the making and delivery of the bond, in the manner required by law, and a sufficient breach or breaches to show a liability on the part of the makers of the bond, in such a manner that an intelligent issue or issues may be taken on the allegations thus made. Rev. Code, p. 675; Form of Complaint on Bonds with Condition; also §§ 2629, 2633. In such a complaint, it is not required that it shall be alleged that the writ in detinue was either wrongfully or maliciously sued out; or to set out the affidavit in the detinue suit, or take any notice of it; or to allege that in the detinue suit the plaintiff did not have probable cause to sue. These are the first three objections stated in the demurrer. They were, then, properly overruled. The complaint sufficiently sets out and describes the bond, and it alleges a sufficient breach. This is enough. *Anderson* v. *Dickson*, 8 Ala. 733; *Watt's Ex'r* v. *Sheppard*, 2 Ala. 425; *Pryor* v. *Beck*, 21 Ala. 393. The fourth specification is not sustained by the record. That is this, that the complaint does not set out with sufficient certainty the grounds for the damages claimed. This is in stating the breach of the bond for the failure to pay the costs of the suit in detinue after that suit had failed. I think there is a sufficient breach alleged.

2. The fifth assignment is also bad. The complaint alleges, that " the said Elisha Baker did fail in his said suit in detinue, and has wholly failed to pay the said George J. Pope, plaintiff in this suit, all the costs and damages that he sustained by reason of the wrongful suing out of said detinue writ." This, though not stated with the highest degree of technical accuracy, is sufficient to negative the general objection made in the demurrer.

3. The sixth objection is not available after a general appearance of all the parties by attorney. If a party appears, and proceeds without service of process on him, this is enough to bring him into court. Shep. Dig. p. 729, §§ 5, 6. Besides, such an objection does not avail on demurrer to the complaint. It is not an objection apparent on the face of the pleading. It is only such defects that a demurrer can reach. 1 Chitt. Pl. 661, marg. The demurrer was properly overruled.

4. The objection to the detinue bond, because it was not approved by the clerk, is not well taken. This deficiency, if it be one, does not make the bond void or invalid. The statute only requires that, in a detinue suit, when the property is to be seized by the sheriff, the plaintiff shall make the proper affidavit of ownership, and " execute a bond in such sum and with such surety as may be approved by the clerk." Rev. Code, § 2593. It will be presumed, after the clerk makes the

indorsement on the summons, " that the sheriff is required to take the property mentioned in the complaint into his possession," that the clerk approved both the sum fixed as the penalty of the bond, and the surety. This is a sufficient compliance with the statute. Rev. Code, § 2593. The record shows that this was done in this instance.

5. The issue, in such a case as this, is on the breach or breaches of the bond, or on some matter that releases the defendant from performance, or some matter in satisfaction or payment of the damages, or the like. 1 Chitt. Pl. pp. 486, 487, 488, marg. Then, any evidence showing the taking and detention of the property named in the detinue suit, or what the plaintiff told the sheriff, " as to his getting possession, and why he detained the same," is irrelevant, because it does not tend to prove or disprove the issue joined in the trial before the jury. In rejecting this testimony, then, the court did not commit any error.

It therefore follows, that the judgment of the court below is affirmed.