# Kirby *v.* Forbes *et al.*

*Action upon a Bond to contest a Claim of Exemption.*

1. *Action for breach of bond given to contest claim of exemption; sufficiency of averment of breach.*—In an action to recover the damages for the breach of a bond given for the purpose of contesting a claim of exemption, which bond is conditioned upon the contestant prosecuting "said contest to effect or failing therein, will pay the defendant all such costs and damages as he may sustain," the assignments of the breach of said bond in the complaint which do not aver that defendant failed to prosecute the contests to effect, are insufficient and render the complaint subject to demurrer.

2. *Same; same; proper elements of damage.*—In such an action where an assignment of the breach of the bond avers that the defendants failed to prosecute the contest to effect, and plaintiff was damaged in that he was forced to employ an attorney to make his defense in said contest, and in order to secure the services of said attorney he became legally bound

to pay therefor a certain stipulated amount, which amount defendants failed to pay plaintiff as damages sustained by him, such assignment of breach is sufficient, and constitutes a claim for a legitimate element of damages.

3. *Same; same; same.*—In such a case, an assignment of breach wherein the plaintiff claims damages for expense in attending court and for loss of time from his regular employment in so doing, and for hotel bills incurred thereby asserts a claim for legitimate element of damage.

4. *Same; same.*—In such an action an assignment in the complaint which does not aver any damage for breach of said bond is insufficient.

APPEAL from the Circuit Court of Marshall.

Tried before the HON. A. H. ALSTON.

This action was brought by the appellant, F. M. Kirby, against the appellees, and sought to recover damages for alleged breach of bond, given by E. E. Forbes with the other defendants and sureties, to contest a claim of exemption.

The original complaint, after averring the facts pertaining to the giving of the bond to contest a claim of exemption, as set forth in the complaint, then alleged five breaches of the bond in the following language:

"1. Defendants did not prosecute said contest to effect, and failing therein has failed and refused to pay damages sustained by plaintiff.

"2. That said contest was wilful, vexatious, and done for the purpose of harassing plaintiff.

"3. That plaintiff was at great expense attendant upon said contest, in attending courts, loss of time and expense of attorney's fees.

"4. That defendant wilfully and unlawfully took possession of plaintiff's property mentioned in said bond, and deprived him of the use of it for a long space of time to his great damage.

"5. That defendants wrongfully converted said property to their own use against the consent of plaintiff, and to his damage, all to the damage of the plaintiff in the said sum of one thousand dollars, for which he brings this suit."

The defendant demurred to each of the breaches as alleged in the original complaint, upon the following

grounds: To the first breach, because the averment contained therein was but the statement of a conclusion, and because it is not shown how or in what manner the defendant in execution was damaged. To the other breaches as set forth in the complaint because it was not shown that the contest was not prosecuted to effect, and because the damages claimed were not legitimate elements of damage. This demurrer was sustained. Thereupon the plaintiff amended his complaint by setting out substantially the same facts as were contained in the original complaint, and then alleging the breaches of the bond in words and figures as follows: .

"1. Defendants wrongfully instituted said contest and failed to prosecute the same to effect, and plaintiff avers that he was damaged thereby in this: He was forced to employ an attorney to make his defense in said contest in the said circuit court of Marshall county, Alabama, and in order to secure the services of said attorney, he obliged himself and is legally bound to pay said attorney the sum of one hundred dollars ($100.00) for making said defense for him in said contest; and plaintiff avers that defendant failed to pay to him said damage as aforesaid.

"2. Defendant wrongfully instituted said contest and failed to prosecute the same to effect, and plaintiff avers that he was damaged thereby in this: He was caused to attend several terms of the circuit court of Marshall county, Alabama, in making his defense to said contest, and in so doing was forced to lose ten days from his regular employment, in going to and from court, and in attendance thereon, and also caused to pay hotel bills, while attending said court, amounting to and of the value of thirty dollars, which damage he avers plaintiff has not paid to him as provided in said bond.

"3. Plaintiff avers that the condition of said bond is broken in this, defendant failed to prosecute said contest to effect."

To the amended complaint the defendant demurred upon the same grounds upon which he demurred to the original complaint. This demurrer was sustained. The defendant also moved to strike the second assignment of

breach from the amended complaint, which motion was sustained. The plaintiff declining to plead further, there were verdict and judgment rendered for defendants.

The plaintiff appeals and assigns as error the rulings of the court upon the pleadings.

McCord & McCord, for appellants.—Assignment of breach for attorney's fee contains proper averments and demurrers to the same should have been overruled. *Holmes v. Weaver*, 52 Ala. 576, 516; *Boggan v. Bennett*, 102 Ala. 400; *Washington v. Timberlake*, 74 Ala. 259; *McElrath v. Whetstone*, 89 Ala. 623.

The third assignment of breach in the amended complaint was good, and was the only breach necessary to be assigned.—*Anderson v. Dickson*, 8 Ala. 733.

Street & Isbell, *contra.*—There was no error in the rulings upon the demurrer either to the orignal or amended complaint. The *gravamen* of actions on bonds of this kind is not the failure of the plaintiff in execution to prosecute the contest to effect, but a *wrongful institution* thereof.—*Troy v. Rogers*, 113 Ala. 131; *Marshall v. Betner*, 17 Ala. 832; *Sacett v. McCord*, 23 Ala. 851.

2. While the condition of the bond averred differs from that prescribed by the statute in that it does not expressly limit the costs and damages recoverable to those sustained "by reason of the wrongful institution of the contest," yet this will be implied and the bond construed as though it were expressed in terms of the statute.—*Bolling v. Tate*, 65 Ala. 417; *Jackson v. Millspaugh*, 100 Ala. 286; *Dickson v. Bachelder*, 21 Ala. 699.

The second assignment of breach in the amended complaint was improper claim for damages. The only damage averred in this breach are loss of time in going to and from and attending upon court, and the payment of hotel bills. These were improper elements of damage, and the proper remedy was to strike out that part of the complaint claiming them.—*Foster v. Napier*, 73 Ala. 595; *Bolling v. Tate*, 65 Ala. 417; *Renfro v. Hughes*, 69 Ala. 581; *Treadwell v. Tullis*, 108 Ala. 262; *Wood v. Coman*, 56 Ala. 283.

HARALSON, J.—The suit is on a bond executed by defendants, in the sum of $1,000.00, to contest a claim of exemptions.  It appears from the complaint that the defendant, Forbes, obtained a judgment in the circuit court of Marshall county, on the 19th day of May, 1899, against the plaintiff, F. M. Kirby, for $320, on which judgment an execution was issued; that on the same day the judgment was rendered, the defendant in execution, filed in the probate court of the county, under Section 2041 of the Code, his claim of exemptions to specified personal property, of the value of $500.00; that on the 22d day of June, 1899, the plaintiff in execution, proceeding under Section 2046 of the Code to contest the defendant's said claim of exemptions, made affidavit, that said claim was invalid entirely, and executed a bond in the sum of $1,000.00, payable to the defendant, with the following condition :  "Now if the plaintiff will prosecute said contest to effect, or failing therein will pay the defendant, F. M. Kirby, all such costs and damages as he may sustain, this obligation to be void, otherwise to remain in full force and effect."  The condition of such bond as prescribed by the statute is, "that if the plaintiff fails in the contest, he will pay the defendant, all such costs and damages as he may sustain by reason of the wrongful institution of the contest."

The plaintiff in this suit, as was permissible, set out in his complaint the condition of the bond, and assigned five separate breaches thereof.—*Anderson v. Dickson,* 8 Ala. 733.

The defendant demurred to each breach assigned, and the court sustained the demurrers.  Thereupon, the plaintiff filed an amended complaint, assigning three breaches, to which demurrers were separately interposed and sustained.  Motion was also made to strike the second count in the amended complaint, which was granted. The plaintiff declined to plead further, and the cause having been submitted to the jury, they found a verdict for the defendant.

The errors assigned are, that the court erred in sustaining the demurrers of the original and amended complaints, and in sustaining the motion to strike the second count in the amended complaint.

[Kirby v. Forbes, *et al.*]

The 2d, 3d, 4th and 5th assignments of breach of the bond in the original complaint fail to show any breach of the bond, in that there is no averment that defendant failed to prosecute the contest to effect. The demurrer to this complaint was, therefore, properly sustained; but the demurrer to the amended complaint should have been overruled. The general rule is, that it is sufficient if the breach be assigned in the words of the contract, if the language employed be coextensive with the condition, and negatives its performance.—*Pryor v. Beck,* 21 Ala. 393. This amended complaint sufficiently describes the bond, and it alleges its breach.—*Baker v. Pope,* 49 Ala. 415; *Anderson v. Dickson, supra.*

The first assignment of breach was a special and specific claim of attorney's fees and was sufficient for that purpose.—*Dothard v. Sheid,* 69 Ala. 138; *A. G. S. R. Co. v. Tapia,* 94 Ala. 226.

The second assignment was a claim by plaintiff for damages for expenses in attending court for several terms; for loss of time from his regular employment in doing so, and hotel bills incurred, constituting legitimate elements of damage. The motion to strike this assignment of breach was, therefore, improperly granted. In both assignments, the averment appears that defendant wrongfully instituted said contest and failed to prosecute the same to effect.

The 3d assignment was bad in that it does not aver any damages for breach of said bond.

For the errors indicated, the judgment below is reversed and the cause remanded.

Reversed and remanded.