# Orr *v.* Watson, *et al.*

### *Assumpsit.*

(Decided May 20, 1913.  62 South. 381.)

1. *Detinue; Action on Bond; Complaint.*—Under sections 3778, and section 5382, Form 7, a complaint in an action on a detinue bond which alleges the giving of the detinue bond, and setting out the conditions therein, and that plaintiff did fail in his suit in that he took a voluntary non suit, and has wholly failed to pay defendant's damages, was sufficient, without alleging a levy of the writ of detinue, since it described the conditions in the language of the statute, and followed the statutory form in its general outline; the fact that it was not levied, and other facts averring a recovery or mitigation of damages being properly left to be pleaded as defensive matter.

2. *Same.*—Where the complaint alleges that defendant, the plaintiff in the detinue suit, failed in said suit in that he took a voluntary non suit, it sufficiently alleges the breach of the detinue bond, the basis of this suit.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by F. B. Orr against B. W. Watson and others for breach of a detinue bond. Judgment for defendants and plaintiff appeals. Reversed and remanded.

The complaint was amended as follows: "Plaintiff claims of defendant the sum of $100 for the breach of the condition of the bond made by the defendant on December 24, 1911, payable to the plaintiff in the sum of $100, which condition was that if the said B. W. Watson, who was the principal obligor in said bond, should fail in the detinue suit commenced by him

against the said F. B. Orr, and should pay the said F. B. Orr such costs and damages as he might sustain by reason of the wrongful complaint in said detinue, suit, then said obligation to be void, otherwise to remain in full force and effect; and plaintiff says that said condition of said bond has been broken by the defendant in this: That the said B. W. Watson failed in his said detinue suit, in that he took a voluntary nonsuit on, to wit, December 7, 1911, and has wholly failed to pay the said F. B. Orr all costs and damages that he sustained by reason of the wrongful suing out of said detinue suit. Plaintiff avers that he paid or incurred an obligation to pay for defending said detinue suit a reasonable attorney's fee, to wit, $50, which sum is hereby claimed."

WERT & LYNNE, for appellant. The court improperly sustained the demurrer to the complaint.—Secs. 3778 and 5382, Code 1907; *Savage v. Gunter,* 32 Ala. 467; *Baker v. Pope,* 49 Ala. 415; *Foster v. Napier,* 74 Ala. 393.

TROUP & NIX, for appellee. The complaint failed to allege the levy of the writ upon the property of plaintiff, and was therefore open to the first three grounds of demurrer.—Secs. 3778-9, Code 1907; *Flournoy v. Lyon & Co.,* 70 Ala. 308; 28 S. E. 789; *Reynolds v. McClure,* 13 Ala. 159.

PELHAM, J.—The complaint filed in the court below seeks to recover damages for the breach of the conditions of a detinue bond executed by the plaintiff in the detinue suit, the appellant here, who brought suit on the bond, having been the defendant in detinue. The complaint as amended in the instant case claimed

[Orr v. Watson, et al.]

damages alleged to have been incurred by the plaintiff in defending the detinue suit, and the demurrers interposed by the defendant to this complaint were sustained by the court, and the plaintiff, refusing to amend or plead further, suffered a nonsuit in consequence of the adverse ruling of the court, and brings this appeal on the record to review such ruling.

The demurrers that seem to be most confidently relied upon to support the ruling of the trial court in sustaining the demurrers to the complaint set up a failure to aver in the complaint that the writ of detinue authorized by the bond was levied upon the property of the plaintiff (the defendant in detinue).

A form of complaint in an action for a breach of the conditions of a bond is provided by the Code (section 5382, No. 7, p. 1194), and the complaint to which demurrers were sustained follows this form in general outline, and sets out the condition of the bond and the breach complained of.

The language employed in describing the condition of the bond is coextensive with the statute under the provisions of which the bond was given (Code, § 3778), and shows that the bond was conditioned as the statute requires, and, as said in the case of *Baker v. Pope,* 49 Ala. 415, 418, in passing on the sufficiency of the allegations of a complaint in an action on a detinue bond, "the complaint sufficiently sets out and describes the bond, and it alleges a sufficient breach. That is enough."

That the allegation of the breach is sufficient in averring that the plaintiff in detinue "failed in his said suit in detinue, in that he took a voluntary nonsuit," seems to be settled by the decisions of this state.— *Baker et al. v. Pope,* 49 Ala. 415; *Savage v. Gunter,* 32 Ala. 467.

If no damage accrued, or the special damages claimed are not recoverable, in whole or in part, because of the fact that the writ was not levied, and the defendant seeks to avoid a recovery or mitigate the damages because of this, or for any other reason, these matters can be set up by appropriate defenses to the action, either in bar or pro tanto, as the case may be.

If it be shown that the bond conditioned as required by statute was breached, it would seem to follow as a general proposition that nominal damages at least would be recoverable; yet it is not to be overlooked that if the writ was not in fact levied on the property of the defendant in detinue it would also seem that the defendant had not been driven into the trouble and expense of defending the suit, and he could not subject the plaintiff to liability for special damages on account of the expense consequent upon the issue of the writ (*Flournoy & Epping v. Lyon & Co.*, 70 Ala. 308) ; but however this may be, it is not necessary under the Code form that the complaint following this form, and setting out the conditions of the bond coextensive with the provisions of the statute and alleging a sufficient breach, should go further in its averments in stating a cause of action and allege a levy of the writ.

Other demurrers interposed are not well taken, nor do they seem to be seriously insisted upon.

We are of the opinion that the court was in error in sustaining the demurrers to the amended complaint.

Reversed and remanded.