1. A plea that a note or bond was given without any consideration, is good under our statute.
2. A plea impeaching the consideration of a bond given for the purchase of land, which does not show either that the contract has been rescinded, or that the purchaser has lost the possession of the land, is bad.
3. A plea alledging that a " bond was obtained by fraud, covin and misrepresentation is bad. Even in this State, where the consideration of a bond may be impeached, the facts which constitute the fraud must be stated.

Error to the Circuit Court of Tallapoosa county.

THIS was an action of debt, on a sealed instrument, for the payment of one hundred and thirty dollars, brought in the Court below, by the defendant, against the plaintiff in error. To a declaration in the usual form, the defendant pleaded specially:

1. That the bond sued on in this action, was given without any consideration, to wit: at the county aforesaid, wherefore, &c.

2. That the consideration for which the bond sued on, was given, has wholly failed, in this, that the said bond was given in consideration of the south half, north-west quarter, section 2, township twenty-one, range 21; and the north-east quarter of the south-west quarter of the same section, township and range, in the county aforesaid; that at the time said note was executed, that no title was made to said defendant; that said plaintiff did not covenant for a good title, with said defendant, and that no title has yet been made, nor is it in the power of the plaintiff to make one, and this he is ready to verify, &c.

3. That the bond in the declaration mentioned, was obtained by fraud, covin and misrepresentation, that is to say by the said plaintiff, to wit: at the county aforesaid, and this, &c.

To these pleas, the plaintiff demurred, which were sustained by the Court, and the defendant declining to plead over, judgment was rendered for the plaintiff against the defendant and another, who was not taken in the writ, and as to whom the suit had previously been discontinued.

At the succeeding term of the Court, this judgment was amended by entering up the proper judgment, *nunc pro tunc.*

From this judgment, the defendant prosecutes this writ of error, and now assigns for error :

1. The Court erred in sustaining the demurrers to the pleas.
2. In entering up judgment, *nunc pro tunc.*

T. CLAY, for plaintiff in error.
PRYOR, contra.

ORMOND, J.—The questions of law in this case, are presented on the pleadings.

1. The first plea is, that the bond sued on, was made without any consideration whatever. This form of pleading grows out of our statute, which makes every writing, whether under seal or not, evidence of the debt, or the duty for which it was given, and permits the defendant, by plea, to impeach the consideration of a bond, in the same manner as if it had not been sealed: Aikin's Dig. 283. If a note or bond then, is executed without any consideration, the plea must, of necessity, be in the negative; it is not possible to plead or state that affirmatively, which has no existence. If in truth, there was a consideration, the plaintiff in his replication may set it out upon which the defendant must take issue. The demurrer to this plea, therefore, should not have been sustained.

2. The second plea, alleges that the consideration for which the bond was given, has wholly failed in this, that it was given for a piece of land ; that no title or covenant for title, was executed at the time; that no title has yet been made, nor is it in the power of the plaintiff to make one. This plea cannot be supported. It impliedly, at least, admits that the contract for the sale of the land, is not rescinded, and he therefore has the benefit of the contract on his part, by the possession of the land. It is the settled law of this Court, that a vendee in possession of land, cannot defend himself, in an action at law, for the purchase money, while he retains the possession. The only exception hitherto admitted to this rule, is, that a vendee may, under certain circumstances, apply to a Court of Chancery, to rescind the contract, before eviction, and without abandonment of the possession. Young v. Harris, 2 Ala. Rep. 108.

3. The third plea, which alleges that the bond was obtained by " fraud, covin and misrepresentation," is clearly bad. It is a well settled principle, at common law, that a fraud, which will vacate a deed, in a Court of law, must be a fraud which relates to the *execution* of the instrument; as for example, that it was falsely read to the party. This question was discussed at large by this Court, in the case of Swift v. Fitzhugh, 9 Por. 63, and again in Mordecai and Wanroy v. Tankersly, 1 Ala. Rep.; and see Taylor v. King, 6 Munford, 366.

The counsel for the plaintiff in error, has referred us to a precedent in the 2 vol. Chitty's Pleadings, page 495, where a plea, that a deed was obtained by fraudulent misrepresentations, is given. But it is denied that this precedent is supported by any authority;—see the case cited from 6 Munford, and Dow v. Mansell, 13 Johns. Rep. 430, and the case of Wythe v. Macklin, 2 Rand. Rep. 426. We have also been referred to the case of Pemberton v. Staples, 6 Mo. Rep. 59, where a plea of fraud, of this general character, was admitted on the authority of Chitty. The opinion [is short and unsatisfactory—the Court admitting, that there was a conflict of authority, but that it had not access to them, to ascertain the extent of the disagreement.

When this question was presented to this Court,[previously, in the cases cited, it was as a question of evidence, and had reference not to the consideration, but to the validity of the deed. Considered as a question of pleading under our statute, there can be no doubt, that the consideration of a deed may be impeached, by alleging such facts as would, in law, amount to a fraud. The objection to this plea, is not that the consideration of a bond may not be impeached by an allegation of fraud, but that instead of stating the facts, which constituted the fraud, the pleader has stated a conclusion from facts, which are not disclosed, and the demurrer to it, was therefore, properly sustained.

For the error of the Court, in sustaining the demurrer to the first plea, the judgment must be reversed, and the cause remanded.