# DUNN *vs.* DAVIS.

[ACTION ON INJUNCTION BOND.]

1. *Averment of breach.*—In an action on an injunction bond, conditioned that the principal obligor "shall well and truly do and perform all such matters and things as may be required of him in the premises, and pay all such costs and damages as may be recovered against him, for the wrongful suing out of said injunction," an averment that the injunction suit was dismissed, and the injunction dissolved, and that the defendants have not paid the reasonable counsel fees necessarily incurred by the plaintiff in the defense of said injunction suit, does not show a breach of the bond.

APPEAL from the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

THIS action was brought by Josiah Dunn and others, against Bennett Davis and others; and was founded on a penal bond, dated the 19th September, 1849, and conditioned as follows: "Whereas the above bound Bennett Davis has this day filed in the chancery court for said county his original bill against the said Dunn, Parker and wife, and Beavers, and, amongst other things, prayed an injunction, in the nature of an attachment, which has been granted by the Hon. W. W. Mason,—now, if said Davis shall well and truly do and perform all such matters and things as may be required of him in the premises, and pay all such costs and damages as may be recovered against him for the wrongful suing out of said injunction, then this bond to be void."

The complaint set out this bond, and averred the following breaches of the condition: "1. And plaintiffs aver, that afterwards, at the July term, 1855, of said chancery court, said Bennett Davis, on his own application to said court, caused said bill to be dismissed, and the same was thereupon dismissed out of said chancery court, and said injunction was dissolved; and at the time of the dismissal of said chancery suit, said debt, due to the plaintiffs as aforesaid, was barred by the statute of limitations of six years, and the plaintiffs' remedy to collect said debt, with the interest thereon, became and was wholly barred; and said Beavers (?) has failed and refused, and does still fail and refuse, to pay said debt, or any part thereof, to the plaintiffs; by means whereof, said sum of money has been wholly lost to said plaintiffs, to their damage twelve hundred dollars; wherefore plaintiffs say, that the condition of said bond has been broken, and said defendants have not paid them the said sum of twelve hundred dollars, or any part thereof. 2. And plaintiffs say, that the condition of

said bond has been broken in this—that they were compelled to employ necessary counsel, attorneys and solicitors, to aid them in conducting the defense of said chancery suit, and to procure the dissolution of the injunction issued in said cause; which said reasonable and necessary counsel fees were worth the sum of one hundred dollars; and the said defendants have not paid the same, nor any part thereof, to the said plaintiffs; to their damage, twelve hundred dollars."

The defendants demurred to the complaint, and to each assignment of a breach,—"1st, because the action is prematurely brought; 2d, because there is no averment which shows that plaintiffs have a cause of action on the bond; and, 3d, because there is no sufficient averment of a breach of the condition of said bond." The court sustained the demurrer, and its judgment thereon is now assigned as error.

BYRD & MORGAN, for the appellants, cited *Zeigler & Hall v. David*, 23 Ala. 127; *Spivey v. McGehee*, 21 Ala. 417; *Dickson v. Bachelder*, 21 Ala. 699; *Garrett & Hill v. Logan*, 19 Ala. 344.

R. W. WALKER, J.—The breaches assigned do not show that the contract of the defendants has been broken in any particular. The condition of the bond was, that "if said Davis shall well and truly do and perform all such matters and things as may be required of him in the premises, and pay all such costs and damages as may be recovered against him for the wrongful suing out of said injunction, then this bond to be void." The complaint does not show that any matter or thing was required of Davis in the premises, which he had failed to perform; nor does it aver that a judgment had been recovered against him for wrongfully suing out the injunction, and that he had failed to satisfy the same. As the complaint did not state a cause of action, the demurrer was properly sustained.—See *Garrett & Hill v. Logan*, 19 Ala. 344, 346; *Davis v. Gully*,

2 Dev. & Batt. 360; *Watts v. Shepherd*, 2 Ala. 425 ; *Barnes v. Peck*, 1 Porter, 187; *Sledge v. Lee*, 19 Geo. 411.

   Judgment affirmed.

   A. J. WALKER, C. J., not sitting.