# Forst, *et al.* v. Leonard, *et al.*

### Action for Breach of Condition of Bond.

1. *Bond securing contract; discrepancy between bond and contract.*— Where the condition of a bond securing a contract provides that the principals have entered into a contract with the obligee to build a one-story frame dwelling, and the contract does not expressly provide for any particular number of stories, but simply sets out the plans and specifications of the building which may apply to a one-story building, there is no discrepancy between the contract referred to in the bond and the one actually entered into.

2. *Same; discrepancy as to parties.*—Where the bond is conditioned for the faithful performance of a contract made by the principals, described as H. N. L. and S. J. A., and the contract sets forth that it is entered into by S. J. A. and H. N. L., doing business under the firm name of A. & L. and is signed in the firm name of L. & A. there is no legal discrepancy, since it is the joint and separate contract of such individuals composing said firm.

3. *Statute of frauds; writings construed together.*—It is not essential

[Forst, et al. v. Leonard, et al.]

that a bond, conditioned for the faithful performance of a contract, should set out the terms and specifications of the contract, either for the purpose of satisfying the statute of frauds or determining the inquiry whether the bond and contract should be read together; and where such a bond makes sufficient reference to the contract, all the stipulations of the contract become a part of the bond, and the two instruments may be read together, even where there is no recital in the bond that the contract was in writing.

4. *Same; parol evidence to identify papers in which reference is made to each other.*—Where a contract, required by the statute of frauds to be in writing, is evidenced by two separate papers, parol evidence is admissible for the purpose of identifying them and thus showing their relation to each other, reference being made in each to the other.

5. *Writings not signed by all parties construed together.*—Where a bond is given to secure a contract, it is not necessary in order to construe the two writings together, that the contract should be signed by the sureties in the bond as well as by the principals; and the fact that a building contract was signed by the contractors only, while a bond conditioned for its proper performance was signed by the contractors and others, is no objection to the construing of the two papers together in order to determine the liability under the bond.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellants, M. Forst and her husband, A. Forst, against H. N. Leonard, S. J. Alfred, William B. Gerre, John A. Hall, E. D. Phillips and E. M. Robinson.

The complaint, as amended, claimed of the defendant the sum of one thousand dollars, for the breach of the condition of a bond, which was executed by the defendants on September 10, 1891, and payable to the plaintiffs in the penal sum of one thousand dollars. This bond was set out at length in the complaint, the condition of which is copied in the opinion. It was executed by H. N. Leonard and S. J. Alfred as principals, and the other defendants as sureties. The facts in reference to the manner of its execution are stated in the opinion.

The plaintiff then averred in the complaint that "at the time of the execution and delivery of the said bond, the said H. N. Leonard and S. J. Alfred, jointly entered into and executed with the plaintiffs a certain contract in writing for the building of a certain one-story frame dwelling house in the city of Bessemer, according to certain plans and specifications, which were referred to

[Forst, *et al.* v. Leonard, *et al.*]

in and made a part of the said contract, and that the said bond set out above is the bond which the said H. N. Leonard and S. J. Alfred obligated themselves to execute in and by the terms of said contract, and which said contract is in words and figures as follows :'' Then follows the building contract entered into by Matilda Forst and her husband A. Forst, with Leonard and Alfred. This contract was signed "Leonard & Alfred," and by M. Forst and A. Forst. Then after setting out this contract at length, the plaintiffs further averred in the complaint : "that the said contract above set out was the only contract made by and between plaintiffs and the said Leonard & Alfred, and is the contract referred to by the makers of said bond, and that said contract was executed and delivered at one and the same time with the said bond, and which was understood by them to be referred to at the time of the execution of the said bond.'' The complaint then sets out the condition of the bond, and avers the several breaches complained of, and concludes as follows : "And plaintiffs aver that from the failure of the said H. N. Leonard and S. J. Alfred, to carry out their contract and build the said house as agreed in said contract, and within the time agreed upon in said contract, plaintiffs were put to a great expense in buying material and hiring labor to complete said house, and that plaintiffs had to pay for bills of material and for labor that were contracted by the said Leonard and Alfred, which ought to have been paid by said Leonard and Alfred according to the terms of said contract, and plaintiffs had to expend other sums of money in order to complete said house that they would not have had to pay had the said Leonard and Alfred finished the said house according to the conditions of said contract and bond. And plaintiffs allege that they were deprived of the use of the said house from the 9th of December, 1891, at which time said house was to have been completed and turned over to plaintiffs by said Leonard and Alfred, until the 1st day of February, 1892, all of which resulted in damage to plaintiffs, in the sum of one thousand dollars, hence this suit.''

The defendant demurred to the complaint upon the following grounds : 1. Because it is inconsistent, contradictory and repugnant. 2. It is contradictory be-

[Forst, *et al.* v. Leonard, *et al.*]

cause it sets out a bond, on which this suit is brought in words and figures which show that it is executed by H. N. Leonard and S. J. Alfred as individuals, and which recites that they contracted as individuals, and the contract set out is executed by Leonard and Alfred, a partnership; an entirely different contract from one recited in the bond.   3.  Because it sets out a contract which shows on its face that these defendants never made it, and that they never signed it, and it is not referred to in the bond which they signed.   4.  Because it is so inconsistent, contradictory and repugnant, that on reading it one can not tell which contract is relied on, the one set out in the bond, or the other and entirely different one set out in words and figures in said count, and executed by a different entity, namely, a copartnership.   5.  Because it fails to allege that these sureties executed the second contract set out in this count of the complaint, namely, the one signed by Leonard and Alfred, or that they knew of it, and had it in contemplation when they executed the contract, and were bound by it as well as the contract set out in the bond.   6.  Because this complaint shows on its face that the contract outside this one in the bond, which this count alleges was referred to by the bond, is not signed by any of these defendants, and is not referred to by the bond or contract which they did sign; and to allow the allegations of said count to be proven by parol testimony, would be to allow plaintiffs to prove a promise on the part of these defendants, not in writing expressing the consideration, to answer for the debt, default or miscarringe of another, and hence within the statute of frauds.

The court sustained this demurer, and the plaintiffs declining to plead further, judgment was rendered for the defendants.   From this judgment the present appeal is prosecuted by the plaintiffs, who assign as error the rulings of the court in sustaining the defendants' demurrer to the complaint.

B. C. JONES and JAMES E. WEBB, for appellants.—
The principal question raised by the demurrer and decided by the court below was that, because these two papers, the bond and the contract, were not on the same sheet of paper and were not attached to each other, they could not be connected or identified by parol aver-

[Forst, *et al.* v. Leonard, *et al.*]

ment and proof.—*Robbins v. Webb*, 68 Ala. 398.    That the court erred in this ruling is sustained by the following authorities :    *Oliver v. Ala. G. L. Ins. Co.*, 82 Ala. 426 ; *Jenkins v. Harrison*, 66 Ala. 345. ; *Thayer v. Luce*, 22 Ohio St. Rep. 62 ; *Beckwith v. Talbort*, 95 U. S. 289 ; Wood on the Statute of Frauds, pp. 704, 740-42, § 364.

Parol extrinsic evidence is always admissible and competent to identify the subject matter of a contract if necessary, and this in no way violates the rule that oral proof is inadmissible to vary or contradict the terms of a written contract.—*Bulkly v. Devine*, 127 Ill. 407 ; *Dorgan v. Weeks*, 86 Ala. 329 ; 4 Phillips Evidence, * 1423, note 598 ; 3 Reid on Statute of Frauds, § 344 ; *Guilmartin v. Wood*, 76 Ala. 204.

TROTTER & McADORY, O. W. WARD and L. Y. LIPSCOMB, *contra*. — A partnership contract is distinct from a contract by the individual members of the partnership.—*Powers v. Robinson*, 90 Ala. 225 ; *Claflin v. Behr*, 89 Ala. 503 ; *Yarbrough v. Bush*, 69 Ala. 170 ; *Croswell v. Lehman*, 54 Ala. 366 ; *Dunklin v. Kimball*, 50 Ala. 256 ; *Ala. C. M. Co. v. Brainard*, 35 Ala. 476 ; 2 Bates on Partnership, § 829 ; 1 Bates on Partnership, § 438 ; *Forsyth v. Woods*, 11 Wall. (U. S.) 484 ; *Penn. Coal Co. Appeal*, 45 Pa. 181.

In order that writings may be read together, they must either refer to each other or be executed at the same time by the same parties and be about the same subject matter.    They can never be introduced when executed by different parties.—*Craig v. Wells*, 11 N. Y. 315.

Sureties are favorites of the law, and their contract can not be added to, varied or contradicted.    They stand upon the very words of their contract.    When the bond signed by the sureties purports to set out the contract, another and different contract can not be proved as against the sureties.—*Anderson v. Bellenger*, 87 Ala. 336 ; *Vann v. Lunsford*, 91 Ala. 576 ; *Crescent Brewing Co. v. Handley*, 90 Ala. 486.

The contract can not be taken as a part of the bond, because it is not made so by reference.—8 Amer. & Eng. Encyc. of Law, 712 ; *Adams v. McMillan*, 7 Port. 80 ; *Carter v. Shorter*, 57 Ala. 256 ; Benjamin on Sales, § 220, and note ; *Smith v. Jones*, 42 Amer. Rep. 72 ; *Johnson v.*

*Buck*, 10 Amer. Rep. 248 ; *North v. Mendel*, 54 Amer. Rep. 881.

The contract can not be taken as a part of the bond because parol evidence would have to be relied upon to connect them.—*Nelson v. Shelby Man'f'g. Co.*, 96 Ala. 515. The cases of *Salmon Falls Man'f'g. Co. v. Goddard*, 14 How. 446, and *Beckwith v. Talbot*, 95 U. S. 289, contain language too broad and need limiting.—*Grafton v. Cummings*, 99 U. S. 100 ; 8 Amer. & Eng. Encyc. of Law, 713, notes.

McCLELLAN, J.—There was but one contract between Mrs. Forst and her husband on the one hand, and Leonard and Alfred on the other. This contract was for the building of a house by the latter parties for the former. It is not stated in the contract whether the house was to be of one or more stories, but it was to be built according to specifications therein referred to, but not incorporated or attached, and nothing in the contract as set out in the complaint is at all inconsistent with the idea that the building of a one story house was the contemplation of the contract itself and provided for in the specifications made a part thereof. The contract recites that it is entered into "by and between S. J. Alfred and H. N. Leonard, doing business under the firm name of Alfred & Leonard as contractors and builders, of the first part, and Mrs. M. Forst and A. Forst, her husband and agent, parties of the second part." This contract stipulates for the execution of a good and satisfactory bond by Alfred and Leonard for the faithful performance of the building contract, its "stipulations and agreements, and to complete the house ready for occupancy in ninety days from the date of" the contract. The bond which was executed by these contractors and others as sureties in the penal sum of $1,000 contains the following defeasance : "The condition of this obligation is such, that whereas the said H. N. Leonard and S. J. Alfred have contracted with the said Mrs. M. Forst and her husband, A. Forst, as follows : The said H. N. Leonard and S. J. Alfred have contracted with the said M. Forst, and her husband, A. Forst, to build a one-story frame dwelling, now, therefore, if the said H. N. Leonard and S. J. Alfred shall truly and faithfully perform all the obligations of the said contract, then this obligation shall

be null and void, otherwise to be of full force and effect.'' The complaint, upon this bond for breaches of said contract, alleges that at the time of the execution of the bond the contract was entered into by H. N. Leonard and S. J. Alfred jointly for the building of a certain one-story dwelling house in the city of Bessemer, and that the said bond, set out in the complaint, is the bond which the said H. N. Leonard and S. J. Alfred obligated themselves to execute in and by the terms of said contract. There is, in our opinion, no discrepancy between the contract indicated by the reference in the bond and the contract set out in the complaint as being that intended to be secured by the bond. The bond recites a contract to build a one-story dwelling house. The contract set out is in terms to build a dwelling house, and there is nothing in it indicating that the house is to be other than a one-story house. The bond recites that the contract was entered into by H. N. Leonard and S. J. Alfred; and this is literally true, for the contract expressly sets forth that it is ''made and entered into by S. J. Alfred and H. N. Leonard.'' It is true they describe themselves as ''doing business under the firm name of Alfred & Leonard, as contractors and builders,'' and sign the papers under the different name of ''Leonard & Alfred,'' but whether their firm name be the one or the other, the fact remains that they entered into the contract, according to its own recital, in their individual names, and, further, that the contract is the joint and several contract of H. N. Leonard and S. J. Alfred whether it be also the contract of ''Alfred & Leonard,'' or ''Leonard & Alfred'' as a partnership or not. It was not essential for the bond to set out the terms and specifications of the contract to build the dwelling, either under the statute of frauds or in view of the inquiry whether the bond and contract for any other purpose are to be read together. A sufficient reference in the bond to the contract as one ''to build a one-story frame dwelling,'' makes all the stipulations of the contract a part of the bond, and the bond is not to be taken merely as security for the building at some indefinite time, and in some way some sort of ''a one-story frame dwelling house.'' Nor is it any objection to reading these papers together, assuming that the bond sufficiently refers to the contract, either for the purposes of the statute of frauds or other-

wise, that for aught that is recited in the bond the contract may have been a verbal one ; for as said by KEKE-WICH, J., in *Oliver v. Hunting*, L. R. 44 Ch. Div. 208 : "If you find a reference to something, which may be a conversation, or may be a written document, you may give evidence to show whether it was a conversation or a written document ; and, having proved that it was a written document, you may put that written document in evidence, and so connect it with the one already admitted or proved."—*Ridgway v. Wharton*, 6 H. L. C. 238.

Then the only remaining question arising in this case is whether the reference in the bond to the contract is sufficient in itself, or as aided by admissible parol evidence, to make the contract set out in the complaint part and parcel of the bond. Waiving inquiry whether the reference is filled by the production of the written contract, we shall assume that parol evidence is necessary. Is it admissible? We think there can be no doubt about it. Its only necessary office in the case is the identification of a contract shown by the bond itself to have been entered into between named parties for a certain purpose, and to be an existing undertaking. We do not understand it to have ever been the law that parol evidence was inadmissible under these circumstances for this purpose. Without such evidence the whole contract is existent and evidenced by writing. The oral evidence does not add or take away a single term to or from it. But merely by clearing away an ambiguity or uncertainty in the reference of one part of this wholly written contract to another, such evidence brings the separated parts together. But if the rule were ever otherwise, it is not so either here or in England at the present time. To the contrary, it is thoroughly well established, there and here, that where a contract, required to be in writing by the statute of frauds, rests upon the contents of two separate papers, and the only thing lacking to a compliance with that statute is the identification of the two papers in their relation to each other, that identification may be supplied by oral evidence. We need only cite some of the authorities.—*Long v. Miller*, 4 C. P. D. 450 ; *Cave v. Hastings*, 7 Q. B. D. 125 ; *Oliver v. Hunting*, L. R. 44 Ch. Div. 205 ; *Kennedy v. Cramling*, 33 S. C. 367 ; *Thayer v. Luce*, 22 Ohio St. 62 ; *Work v. Cowhick*, 81 Ill. 317 ;

[O'Connor Mining & Manufacturing Co. v. Dickson, *et al.*]

Wood on Statute of Frauds, § 364; *Beckwith v. Talbot,* 95 U. S. 289; *Jenkins v. Harrison,* 66 Ala. 345; *Robbins v. Webb,* 68 Ala. 393; *Oliver v. Ala. Gold Life Ins. Co.,* 82 Ala. 417.

There is no merit in the suggestion that these papers cannot be taken together because the contract is signed by Leonard & Alfred only, and the bond is signed by them and others.—*District of Columbia v. J. H. & E. K. Johnson,* 1 Mackey, 51.

Our conclusion, therefore, is that upon proof of the three facts alleged in the complaint which rest, or are supposed to rest, in parol, in connection with the bond and building contract, the plaintiff would be entitled to recover. The circuit court erred in sustaining the demurrer to the complaint. Its judgment is reversed, and the cause remanded.

Reversed and remanded.