WILLIAM J. BRYAN ET AL. APPEAL FROM PROBATE.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

Whether the so-called doctrine of " incorporation by reference " prevails in this State with respect to wills, *quære.*
In order that a letter or other document—whether dispositive or otherwise—may become part of a will by reference, it is essential that it be in existence at the time the will is executed, and that it be

so clearly and precisely described and referred to therein, as an existing document, as to be readily identified as the one, particular paper intended by the testator. A reference so vague and ambiguous that it can be applied to any one of several letters or documents then or thereafter written, is insufficient, and cannot be helped out by parol evidence.

In the present case a testator gave his wife $50,000, "in trust, however, for the purposes set forth in a sealed letter which will be found with this will." *Held* that this reference was capable of being applied to any sealed letter, whatever its contents and whenever written, and therefore a sealed letter which was found with the will did not, by such reference, become a part of it.

Argued June 22d—decided August 12th, 1904.

APPEAL from a judgment of the Superior Court in New Haven County, *Gager, J.*, refusing to admit to probate a certain written instrument as part of the will of Philo S. Bennett of New Haven, deceased. *No error.*

*Henry G. Newton, Harrison Hewitt,* and *Charles A. Towne* of New York, for the appellants (Bryan *et al.*).

*Henry Stoddard* and *William H. Williams,* for the appellees (Mrs. Bennett *et al.*).

TORRANCE, C. J. The Court of Probate for the district of New Haven approved and admitted to probate a certain writing as the last will of Philo S. Bennett, deceased. That will contained, as its 12th clause, the following : " I give and bequeath unto my wife, Grace Imogene Bennett, the sum of fifty thousand dollars ($50,000), in trust, however, for the purposes set forth in a sealed letter which will be found with this will." At the time this will was offered for probate there were also offered for probate as a part of it, under the 12th clause of the will, two writings hereinafter referred to as exhibits *B* and *C.*

The Court of Probate refused to approve or admit to probate as parts of said will each and both of these exhibits ; and from that part of its decree an appeal was taken to the Superior Court, by William J. Bryan individually, and as trustee under the will as he claims it to be. The will admitted to probate is in the record called Exhibit *A* ; while

exhibits *B* and *C* are letters which, as the appellant claims, constitute a part of the will. The will was executed in New York, and is dated the 22d day of May, 1900.

Exhibit *B* is a letter from the testator to his wife, of which the following is a copy : —

"NEW YORK, 5/22/1900.

" My Dear Wife :

" In my will just executed I have bequeathed to you seventy-five thousand dollars (75,000) and the Bridgeport houses, and have in addition to this made you the residuary legatee of a sum which will amount to twenty-five thousand more. This will give you a larger income than you can spend while you live, and will enable you to make bountiful provision for those you desire to remember in your will. In my will you will find the following provisions :

" I give and bequeath unto my wife, Grace Imogene Bennett, the sum of fifty thousand dollars (50,000), in trust, however, for the purposes set forth in a sealed letter which will be found with this will.

" It is my desire that fifty thousand dollars conveyed to you in trust by this provision shall be by you paid to William Jennings Bryan, of Lincoln, Nebr., or to his heirs if I survive him. I am earnestly devoted to the political principles which Mr. Bryan advocates, and believe the welfare of the nation depends upon the triumph of those principles. As I am not as able as he to defend those principles with tongue and pen, and as his political work prevents the application of his time and talents to money making, I consider it a duty, as I find it a pleasure, to make this provision for his financial aid, so that he may be more free to devote himself to his chosen field of labor. If for any reason he is unwilling to receive this sum for himself, it is my will that he shall distribute the said sum of fifty thousand dollars according to his judgment among educational and charitable institutions. I have sent a duplicate of this letter to Mr. Bryan, and it is my desire that no one excepting you and Mr. Bryan himself shall know of this letter and be-

quest. For this reason I place this letter in a sealed envelope, and direct that it shall be opened only by you, and read by you alone. With love and kisses, P. S. Bennett."

Exhibit *C* was a typewritten duplicate of Exhibit B, except that the words " with love and kisses, P. S. Bennett," at the end of Exhibit *B*, were not contained in Exhibit *C*, nor was Exhibit *C* signed by the testator.

Respecting these exhibits the appellant in the Superior Court offered evidence tending to prove the following facts : that about a week or ten days before the date of the will, at the city of Lincoln, Nebraska, the testator, and Mr. Bryan and his wife, prepared a blank draft form of the will, which was subsequently filled out and executed, and that Exhibit *C* was then also prepared as a blank draft form from which Exhibit *B* was to be, and was subsequently, drawn ; that Exhibit *B* was in the handwriting of the testator, and was by him placed in a sealed envelope bearing the following indorsement in his handwriting : " Mrs. P. S. Bennett. To be read only by Mrs. Bennett, and by her alone, after my death. P. S. Bennett. (Seal) "; that the testator, on the day after the date of the will, placed said will and said envelope containing Exhibit *B* in his box in a vault in the Wool Exchange Building in New York City, where they remained as he put them until after his death, the will being " separate from said letter and said sealed envelope ; " and that Exhibit *C*, from the time it was drawn up, remained in Bennett's custody till his death, and was found soon after that event among his private papers, in an envelope subscribed in Bennett's handwriting as follows : " Copy of letter in Safe Deposit Company vault, Wool Exchange."

The appellant then offered Exhibit *C* in evidence as part of the will, claiming that it was the original and equivalent of the paper Exhibit *B*, " and that it was substantially the sealed letter referred to in paragraph 12 of the will." The court excluded the evidence. The appellant thereupon offered in evidence, as part of the will, the letter Exhibit *B*, and the court excluded it. The appellant also offered parol evidence tending to prove that Exhibit *B* was the instru-

ment to which reference was made in clause 12 of the will, but the court excluded such evidence. Subsequently the jury, under the direction of the court, rendered a verdict to the effect that exhibits *B* and *C* "are not either separately or together a part of the last will of said Philo S. Bennett, deceased;" and judgment followed in accordance with the verdict.

From the opinion of the trial court, which is made part of the record, the rulings of the court seem to have been based upon several distinct grounds, which may be briefly indicated: (1) Apparently upon the ground that the doctrine of incorporation by reference does not prevail as to wills, under our statute relating to their making and execution; (2) that even if that doctrine prevails here, no paper in the present will is by reference made a part of it, according to the rules universally applied in jurisdictions where the above doctrine prevails; and (3) that the letter, Exhibit *B*, shows on its face an intent on the part of the testator that it should not constitute a part of his will.

As we think the rulings of the court below can be vindicated upon the second of the grounds above mentioned, it will be unnecessary to consider the other two grounds; but in thus resting our decision upon the second ground we do not mean to intimate that it could or could not be made to rest upon the first or third.

Before considering the second ground a word or two regarding the first ground may not be out of place. Under the rule prevailing in England, an unattested document may, by reference in a will, under certain conditions and limitations, become by such reference incorporated in the will as a part of it; and that too whether the document referred to is or is not a dispositive one; and one of the leading cases upon this subject is that of *Allen* v. *Maddock*, 11 Moore's P. C. C. 427, decided in 1858. This is known as the doctrine of incorporation by reference; and the principle upon which it rests does not differ essentially from that which is applied in incorporating unsigned writings in a signed instrument so as to constitute a memorandum in writing under

the statute of frauds. The English rule appears to prevail in many of our sister States; but the question whether it prevails in this State, and if so, with what limitations and under what conditions, was left undetermined in *Phelps* v. *Robbins*, 40 Conn. 250, and has never been passed upon since. In the present case we find it unnecessary to decide those questions; but for the purposes of the argument we shall assume, without deciding, that the doctrine of incorporation by reference in a will prevails here.

Two of the conditions, without the existence of which the English rule will not be applied, are concisely, but we think correctly, stated in *Phelps* v. *Robbins, supra* (272), as follows : " First, the paper must be in existence at the time of the execution of the will; and, secondly, the description must not be so vague as to be incapable of being applied to any instrument in particular, but must describe the instrument intended in clear and definite terms." In a California case upon this subject this language is used: " But before such an extrinsic document may be so incorporated, the description of it in the will itself must be so clear, explicit and unambiguous as to leave its identity free from doubt." *Estate of Young*, 123 Cal. 337, 342. In an important and well considered English case, decided in 1902, the court uses this language upon this subject : " But it is clear that, in order that the informal document should be incorporated in the validly executed document, the latter must refer to the former as a writing existing—that is, at the time of the execution—in such terms that it may be ascertained. . . . The document which it is sought to incorporate must be existing at the time of the execution of the document into which it is to be incorporated, and there must be a reference in the properly executed document to the informal document as an existing one, and not as a future document." *In the Goods of Smart*, L. R. (1902) P. D. 238, 240.

Tested by the rules as thus laid down in the cases above cited, and in numerous others that might be cited, the will in the present case fails to comply with the required conditions under which incorporation by reference can take place in

the case of wills. In clause 12 of the will in question here a large sum of money is given to Mrs. Bennett "in trust, however, for the purposes set forth in a sealed letter which will be found with this will." There is not in the language quoted, nor anywhere else in the will, any clear, explicit, unambiguous reference to any specific document as one existing and known to the testator at the time his will was executed. Any sealed letter, or any number of them, setting forth the purposes of the trust, made by anybody, at any time after the will was executed, and "found with the will," would each fully and accurately answer the reference; and if we assume that the reference calls for a letter from the testator, it is answered by such a letter or letters made at any time after the will was drawn. The reference is "so vague as to be incapable of being applied to any instrument in particular" as a document existing at the time of the execution of the will; "the vice is that no particular paper is referred to." *Phelps* v. *Robbins*, 40 Conn. 250, 273. Such a reference as is made in the present will is, in fact as well as in law, no reference at all; certainly it is not such a reference as the rules under the doctrine of incorporation by reference require in the case of wills.

A reference so defective as the one here in question cannot be helped out by what is called parol evidence; for to allow such evidence to be used for such purpose would be practically to nullify the wise provisions of the law relating to the making and execution of wills. We know of no case, and in the able and helpful briefs filed in this case have been referred to none, where a reference like the one here in question has been held to incorporate into the will some extrinsic document.

Assuming then, without deciding, that the doctrine of incorporation prevails in this State, as claimed by the appellant, we are still of the opinion that the rulings of which he complains were correct.

There is no error.

In this opinion the other judges concurred.