[Davis v. The State.]

# Davis *v.* The State.

*Trespass After Warning.*

(Decided Dec. 22, 1904. * 41 So. Rep. 6c1.)

1. *Contracts; Building Contracts; Construction; Right to Terminate.*
   —The contract made between the contractor and the owner of
   the dwelling provided that the owner might terminate the
   contract, enter upon the premises, and complete the work
   whenever the architect certified that the contractor refusd
   to comply with its terms. Held, That upon the architect's
   giving such a certificate, the owner was authorized to termi-
   nate the contract absolutely.

2. *Trespass; Criminal Responsibility; Trespass after Warning.*—
   Where, under the terms of the contract, the owner of the
   premises terminated the contract, and warned the contractor
   not to go upon the premises, and the contractor disregarded the
   warning and went upon the premises, he was guilty of trespass
   after warning.

*Rehearing denied July 6th, 1906.

APPEAL from Mobile City Court.

Heard before HON. O. J. SEMMES.

R. P. ROACH and GREGORY L. and H. T. SMITH, for ap-
pellant.—The statute protects the actual possession of
the property and not the mere constructive possession
arising out of ownership, and where the party is not in
actual possession, the offense is not committed.—*Watson
v. The State*, 63 Ala. 23; *McLeod v. McLeod*, 73 Ala. 43;
*Bohannon v. The State*, (Ala.); *Goldsmith v. The State*,
86 Ala. 55; *Brunson v. The State*, 140 Ala. 201. The
actual possession of the property was at the time surren-
dered to Davis for the purpose of doing the work under
contract.—*Ferris v. Hoaglon*, 121 Ala. 243; *Rhodes v.
Otis*, 33 Ala. 600. The owner had no right to order Davis
off the premises in the manner that she did. The condi-
tion precedent had not been complied with.—*White v.
Harrigan*, 43 N. W. 89; *Electric L. Co., v. Elder*, 115
Ala. 154.

MASSEY WILSON, Attorney General, and LESLIE B.
SHELDON, R. E. GORDON, and J. H. WEBB, for the State.—
The right of Davis to go upon the land was mere parol
license revocable at the will of the owner.—*Hicks Bros.*

*v. Swift,* 133 Ala. 411. The owner of the premises had a right to terminate the contract under the express provisions thereof, as no fraud was shown in the certificate of the architect.—*Hewlitt, et al v. Alexander,* 87 Ala. 194; *Mundy v. L. & N. R. R. Co.,* 67 Fed. Rep. 633; *Wykoff v. Meyers,* 44 N. Y. 143. Having terminated the contract and ordered Davis not to go on the premises, his right to do so terminated.—*Davis v. Brunson,* 33 Am. St. Rep. 783 and note. The court did not err in overruling defendant's motion to exclude the state's testimony. The case was clearly made out.—*Wright's Case,* 136 Alo. 139; *Owen's Case,* 74 Ala. 431; § 5606, code 1896. As to how much material had been furnished and how much labor Davis had paid for were immaterial to the issues in this case.—*Hicks Bros. v. Swift, supra.* The court properly held that the decision of the architect was final in the absence of any fraud shown.—*Mundy v. L. & N. R. R. Co., supra; Walter Moore R. R. Co. v. Scholes,* 56 Am. St. Rep. 312, and note. The court properly gave the affirmative charge for the state, and refused the general affirmative charge to the defendant. All the authorities supra.

MCCLELLAN, C. J.—The evidence is without dispute as to the ownership of the land upon which it is alleged the defendant trespassed after warning; it was the land of Mrs. S. H. Smith. It is also shown without controversy that the defendant went upon this land immediately after being warned not to go upon it by Mrs. Smith through her authorized agent. It only remains to be considered whether the defendant had the right to go on the land notwithstanding the facts just stated. His only claim of such right is based solely upon the fact that he had entered into a written contract with Mrs. Smith to alter, enlarge and repair a dwelling house thereon, had entered upon the performance of this contract, and continued therein up to and through the day preceding the warning on which he was warned not to go on the land and went on it, and that he went on the land that morning to continue the execution of this contract. The reply of the state to this defense, in the first place, was that said contract provided for a renunciation of it by Mrs. Smith upon a certain contingency

therein named, that this contingency transpired, and that thereupon before said warning and entry after warning, she had renounced and put an end to the contract as she had a right to do and informed the defendant thereof, and that thereupon all rights of the defendant under the contract were avoided and ceased; and further, that whether Mrs. Smith had a right under the contract to terminate it as and when she did or not, she in fact did then terminate it, and that, while the defendant may have had a cause of action against her for a breach of the contract by such termination or renunciation, he was, after such termination, wholly without right to proceed with its execution or to enter upon the premises for that or any other purpose.

Article V of the contract is as follows: "Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architects, the owner shall be at liberty, after three days' written notice to the contractor to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract; and if the architects shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall be at liberty to terminate the employment of the contractor for said work and to enter upon the premises and take possession, for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon; and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the con-

tractor; but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties."

Under these provisions of the contract the architects on April 27th, 1904, wrote as follows to Mrs. Smith: "We enclose herewith a copy of notice that we have this day mailed Mr. H. V. Davis, the contractor for the remodeling of your residence. We also wish to notify you that in our opinion Mr. Davis has neglected and failed to furnish the materials of the quality specified and that the workmanship is not of the proper quality and that is sufficient ground for you to proceed according to the terms of your contract and notify him that if the same are not forthcoming in three days as stipulated in your contract that you will be justified in taking the matter in hand and providing the materials and labor and completing the building."

Thereupon, on April 29, 1904, Mrs. Smith wrote as follows to Davis: "Having been notified by my architects, Messrs. Watkins & Hutchisson, that in their opinion your refusal and neglect and failure to provide a sufficiency of properly skilled workmen and materials of the proper quality for the remodeling of my residence is sufficient grounds to justify me in terminating your employment as contractor, I hereby notify you that unless within three days, as provided in Article 5 of your contract, you remove all work and materials, and replace with work and materials of proper quality, that I shall take possession of the premises and complete the work, as set forth in your contract. I regret having to do this, but your apparent intention to violate the contract in every branch of the work makes it a necessity."

It is thus made to appear that the contract between Mrs. Smith and Davis authorized the former absolutely to terminate it upon a certain certificate or statement of the architects, that this certificate was made by the ar-

chitects, and that acting upon it Mrs. Smith elected to terminate the contract, and duly notified Davis that unless he did certain things within three days, she would take possession and do the work, etc., stipulated in the contract herself. The evidence shows that the things referred to were not done by Davis, and that at the end of that time she took possession, and warned Davis not to go upon the premises. The facts stated constituted an abrogation of the contract and with it all right of entry Davis had under it. Apart from the contract he had no right of entry. Having at the time of the entry for which he is prosecuted no right under the contract, and the warning to him not to enter being proved without controversy, as were the other facts to which we have adverted, the court properly gave the affirmative charge for the state. The same conclusion might possibly be rested on the mere fact that Mrs. Smith put an end to the contract, even though her refusal to allow Davis to proceed with its performance had been unauthorized by the instrument and of consequence wrongful.—*Davis v. Brunson,* 2 N. D. 300, s. c. 33 Am. St. Rep. 783, and notes.

Affirmed.

TYSON, SIMPSON and ANDERSON, JJ., concurring.