(78 South. 861)

GIDLEY et al. v. GIDLEY. (7 Div. 899.)

(Supreme Court of Alabama. April 4, 1918. On Rehearing, May 9, 1918.)

1. VENDOR AND PURCHASER ⬅308(8) — ACTION ON PURCHASE-MONEY NOTE—DEMURRER TO PLEA.

In suit on a note, plea that the consideration for which the note was given had failed, in that it was given by defendant to plaintiff for the price of land, and plaintiff had no title and failed and refused to deliver possession to defendant, was not subject to demurrer invoking the doctrine that a purchaser cannot resist an action at law on a note given for purchase money so long as he remains in possession under the contract.

2. PLEADING ⬅34(4)—DEMURRER TO PLEAS —CONSTRUCTION.

On demurrer, pleas must be construed against defendant, the pleader.

3. VENDOR AND PURCHASER ⬅314(2) — ACTION ON PURCHASE-MONEY NOTE — PLEADING.

In an action on a note given for the price of land, the allegation in defendant's plea that plaintiff was insolvent, and could not be made to answer in damages for failure to deliver the land to defendant, was not the equivalent of an allegation that defendant was not in possession, supporting his plea of failure of consideration.

On Rehearing.

4. APPEAL AND ERROR ⬅1040(7)—PREJUDICIAL ERROR—DEMURRER TO PLEA.

In an action on a note given for the price of land, error in sustaining, as against defendant's plea setting up that consideration had failed, in that plaintiff had no title and failed

to deliver possession, demurrer invoking the doctrine that the purchaser cannot resist an action at law on a note given for the purchase money so long as he remains in possession under the contract, was not harmless to defendant on the ground that under another plea, alleging that the note sued on was without consideration, defendant, had he gone to trial on the facts, would have had the full benefit of all evidence under the plea demurrer to which was sustained.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

Suit by Elizabeth Gidley against J. T. Gidley and others. From judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed, and cause remanded.

Motley & Motley, of Gadsden, for appellants. Dortch & Allen and Inzer & Inzer, all of Gadsden, for appellee.

SAYRE, J. [1] Plaintiff (appellee) sued defendant Gidley on a promissory note. In plea 7 defendant, in substance, set up that the consideration for which the note was given had failed, in that the same was given by defendant to plaintiff for the purchase of certain 40 acres of land and plaintiff had no title and failed and refused to deliver possession of the land to defendant. This plea obviously was not subject to the demurrer which invoked the doctrine—we state it in its most general form—that the purchaser cannot resist an action at law on a note given for the purchase money so long as he remains in possession under the contract. Gillham v. Walker, 135 Ala. 459, 33 South. 537. It is not suggested in argument that any other of the assigned grounds of demurrer were well taken. Prima facie, therefore, the trial court committed reversible error in sustaining the demurrer to this plea. And this appellee seems to appreciate, for the burden of the argument advanced by her counsel goes to the proposition that the action of the court on plea 7 was error without injury. To state this contention more specifically in one of its aspects, appellee contends that under plea 6 defendant, had he gone to trial on the facts, would have had the full benefit of every particle of the evidence admissible under plea 7. Plea 6, which was not questioned by demurrer, alleged "that the note sued on is without consideration." We think the contention should be sustained. Under plea 6, as framed, evidence would have been admissible to prove either an original total lack of consideration or a total failure of consideration. Under it defendant would have been permitted to prove the facts alleged in plea 7. There should be, therefore, no reversal for the ruling on demurrer.

[2, 3] There was no error in sustaining the demurrers to pleas 8 and 9. On demurrer the pleas must be construed against the pleader, and, for aught appearing, defendant was in possession of the land under an unre-

scinded contract of sale, and in no position to set up the defense that the title to the land, the consideration of the note in suit, had failed. Sivoly v. Scott, 56 Ala. 555. The allegation, in the eighth plea, that "plaintiff is [was] insolvent and could not be made to answer in damages for failure to deliver said land to the defendant," was by no means the equivalent of an allegation that defendant was not in possession.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

On Rehearing.

SAYRE, J. [4] The court upon rehearing considers that the doctrine of error without injury cannot be applied to the case shown by the pleadings, and hence orders that the judgment be reversed and the cause remanded for further proceedings—this for reasons which are disclosed in the cases of Kolsky v. Enslen, 103 Ala. 97, 15 South. 558, and Carmelich v. Mims, 88 Ala. 335, 6 South. 913, where the difference between a plea setting up an original total lack of consideration and one of a failure of consideration in respect of the necessity for particularity of allegation is pointed out. The court also holds that the doctrine of error without injury cannot be applied to save a reversal on any other theory suggested by the brief for appellee. Without overlooking the difference in the nature of the two pleas, I have thought that there was a material difference between the plea considered in Kolsky v. Enslen and the one considered in Giles v. Williams, 3 Ala. 316, 37 Am. Dec. 692, cited as authority in the first-named case, and that the plea shown by the record, with its peculiar language, should, in the absence of demurrer taking the point that it did not appear whether the plea was a plea of want of consideration or a plea of failure of consideration, be held to serve the purpose of either plea, and that therefore appellant suffered no injury by the erroneous ruling as to plea 7. However, the question is not one of great importance, and I have acquiesced in the views entertained by other members of the sitting section of the court.

Application granted, judgment of affirmance set aside, judgment reversed, and cause remanded.