**173 So. 402**

### FIDELITY & CASUALTY CO. OF NEW YORK v. RABORN.

### I Div. 958.

Supreme Court of Alabama.

March 25, 1937.

"1. The Court of Appeals erred in holding that parol evidence is admissible to show that the bond introduced in evidence in this case is the one covered by the agreement of indemnity, although there is a substantial inconsistency between the bond introduced in evidence and the bond described in the agreement of indemnity."

"4. The Court of Appeals erred in failing to hold that the defendant, William Raborn, was entitled to the affirmative charge.

"5. The Court of Appeals erred in holding that the demurrers to the complaint were properly overruled.

"6. The Court of Appeals erred in holding that the demurrers to all the pleas were properly sustained."

The opinion of the Court of Appeals recites the following facts: " * * * the plaintiff introduced in evidence its bond to the State of Alabama, as authorized by the Agricultural Code of the State, Acts 1927, guaranteeing the good faith of the Consolidated Warehouse as principal in said bond, dated the 28th day of November, 1932. This bond was properly approved by the Commissioner of Agriculture and recorded as required by law. The plaintiff then introduced, over the objection and exception of the defendant, a contract of indemnity executed the 28th day of November, 1932, by and between William Raborn, this defendant, and the Fidelity & Casualty Company of New York, this plaintiff. In said contract of indemnity there is no sufficient description of the bond of the Consolidated Warehouse secured by the plaintiff, but, as a part of said contract of indemnity, there appears this clause: 'Whereas at the special instance and request of the Indemnitor and on the security of this agreement, the Company is or is to become surety for J. C. Campbell & W. G. McCowan D/B The Consolidated Warehouse of Mobile, Ala., on a certain bond running in favor of Commissioner of Agriculture & Industries —State of Alabama, a copy of which is attached hereto and made a part hereof.' But no copy of any bond was physically attached to the contract of indemnity." Thus the question of identity of the bond agreed to have been attached was open for parol proof on another trial. In this holding by the Court of Appeals, petitioner insists there was error.

The Court of Appeals cited in support of its holding Kyle v. Jordan, 196 Ala. 509, 511, 71 So. 417, 418, where it was said:

"There are contradictions, in express terms, between the recitals in the deed and

Smith & Johnston, of Mobile, for petitioner.

Gordon, Edington & Leigh, of Mobile, opposed.

THOMAS, Justice.

The questions presented are by way of certiorari to the Court of Appeals.

The petition contains, among other ground now to be decided, the following:

those in the separate writing, as to both the parties to, and the consideration for, the deed. In the deed proper the grantee is described as M. Clonninger, and the consideration is stated to be $15 per acre, cash in hand paid; while in the separate writing the recital is that L. Clonninger is to pay $15 per acre. These are certainly contradictions in express terms. We are now of the opinion that there is no internal evidence of the identity and unity of the two writings as constituting a single transaction, sufficient to dispense with a reference in the deed to the separate writing. * * *

"We still adhere to the former holding of this court that the rule is not absolute that the several papers shall, on their face, indicate a reference to each other, and that parol evidence may be admissible, in some cases, of contemporaneous facts, to show connection between the several writings; but to allow such proof, there must be some internal evidence of the identity and unity of the several writings as constituting a single transaction. This question was discussed, and the authorities were reviewed at some length, in Bryan's Appeal, 77 Conn. 240, 58 A. 748, 68 L.R.A. 353, 107 Am.St. Rep. 34, 1 Ann.Cas. 393."

This is the rule adhered to in this jurisdiction. Jones et al. v. Jones et al., 219 Ala. 62, 121 So. 78; Formby v. Williams, 203 Ala. 14, 81 So. 682.

In Butler Cotton Oil Co. v. Millican, 216 Ala. 472, 474, 113 So. 529, 530, touching the question and the value of the authority of Johnson v. Buck, 35 N.J.Law, 338, 10 Am. Rep. 243, Mr. Justice Sayre said:

"In the cited case [Johnson v. Buck, supra] plaintiff endeavored to remedy the defects in the memorandum made by recourse to the 'conditions of sale.' The court noted that, indeed, plaintiff's right to sue was derived exclusively from that source, and said:

" 'The difficulty in the way of resorting to the conditions in aid of the plaintiffs' case, lies in the fact that they cannot be connected with the signed memorandum without violating established principles of evidence with respect to transactions within the statute. The conditions were read at the sale, and contain internal evidence that they were intended for the sale in question, but were not signed by the defendant, and are in no wise referred to in the memorandum in the salesbook to which his signature was affixed.'

"The court continued:

" 'The connection between the signed and the unsigned papers cannot be made by parol evidence that they were actually intended by the parties to be read together, or of facts and circumstances from which such intention may be inferred. The connection between them must appear by internal evidence derived from the signed memorandum' (citing authorities).

"We have quoted thus at length from the New Jersey case because it contains a clear statement of the meaning and effect of the statute of frauds in a case very like the present. There is nothing new about this; it is as old as the statute. Browne, Statute of Frauds (5th Ed.) § 348. And this court has stated the doctrine in terms not easily misunderstood. Thus Stone, J., in Knox v. King, 36 Ala. 367, said:

" 'But, when the memorandum in writing is itself incomplete, it cannot derive aid from another writing, unless the memorandum refer to the other writing. Oral evidence cannot be received to connect the two, or to supply the wanting link; for this would let in all the mischiefs which the statute of frauds and perjuries was intended to prevent.'

"To the same effect are Adams v. McMillan, 7 Port. 73, Jenkins v. Harrison, 66 Ala. [345] 360, Thrasher v. Royster, 187 Ala. 350, 65 So. 796, Kyle v. Jordan, 196 Ala. [509] 512, 71 So. 417, and State v. Meaher, 213 Ala. 466, 105 So. 562. Other cases to the same effect might be cited from the reported decisions of this court. This principle is said (Kyle v. Jordan, supra) to have been relaxed in some cases, but we have found no evidence of its relaxation to the extent necessary to an approval of the sufficiency of the memoranda shown by the record in this case."

See, also, Karter v. East et al., 220 Ala. 511, 125 So. 655.

We are of the opinion, and hold, that the Court of Appeals was correct in its conclusion on the recited facts, and, for the stated reasons, that parol testimony may be adduced on another trial to identify and connect the two writings in question. We are further of the opinion that the trial court, in the absence of such evidence connecting the same, was in error in giving the general affirmative charge in favor of the plaintiff.

We are brought to a consideration of the demurrers to the several counts of the complaint: The two counts aver the respective

suretyships; that liabilities were assumed thereunder; that the condition of defendant's suretyship was broken by nonpayment of the Consolidated Warehouse's obligation, thereby forcing plaintiff to discharge the same under its suretyship or the bond of J. C. Campbell and W. J. McCowan, doing business as the Consolidated Warehouse.

■■ Do the pleadings of plaintiff connect the bond upon which the plaintiff claims to have sustained the loss, with the bond on account of which defendant agreed to indemnify plaintiff? It must be admitted that such connection is required and shown by setting out the bond, or by a recitation of the alleged substance or provisions thereof. George v. Roberts, 207 Ala. 191, 92 So. 1.

In Illinois Surety Co. et al. v. Donaldson, 202 Ala. 183, 79 So. 667, 'the court held that demurrers should have been sustained to the complaint because it did not allege in a count that the bond in question indemnified the employer against pecuniary loss sustained by it through any act of larceny or embezzlement on the part of the employee in the performance of the duties of his office or position "as such duties have been or hereafter may be stated in writing by the employer to the company." Held demurrable because the writing thus stating the duties of the employee, against which the plaintiff claimed to have been indemnified, was not averred, and the complaint failed to allege what the employee's duties were as stated in the writing. Alabama & Tennessee Rivers Railroad Company v. Nabors & Gregory, 37 Ala. 489; Forst et al. v. Leonard et al., 112 Ala. 296, 20 So. 587. Such averments and allegations were necessary to disclose to the court and the parties the coverage of the bond as to such act or failure of duty on the part of the employee for which the plaintiff was indemnified and which it responded to in the payment made under the conditions of that indemnity.

■ In Forst et al. v. Leonard et al., supra, the long-existing rule is thus stated: " * * * the only remaining question arising in this case is whether the reference in the bond to the contract is sufficient in itself, or as aided by admissible parol evidence, to make the contract set out in the complaint part and parcel of the bond. * * * We do not understand it to have ever been the law that parol evidence was inadmissible under these circumstances for this purpose. Without such evidence the whole contract is existent, and evidenced by writing. The oral evidence does not add or take away a single term to or from it. But merely by clearing away an ambiguity or uncertainty in the reference of one part of this wholly written contract to another, such evidence brings the separated parts together. But, if the rule were ever otherwise, it is not so either here or in England at the present time. To the contrary, it is thoroughly well established, there and here, that where a contract, required to be in writing by the statute of frauds, rests upon the contents of two separate papers, and the only thing lacking to a compliance with that statute is the identification of the two papers in their relation to each other, that identification may be supplied by oral evidence." 112 Ala., 296, 303, 20 So. 587, 589.

■ We have examined the identity of the bond or suretyship, and find the breach averred is sufficient; that is, we think both counts of the complaint assign a breach within the averred conditions of the bond, and negative performance of the undertaking by the defendant. National Surety Co. v. Citizens' Light, Heat & Power Co. et al., 201 Ala. 456, 460, 78 So. 834. The authorities are collected in the last-cited case to the effect that:

■ "It is not necessary to use the precise terms of the obligation. Code, § 5382 (form No. 7); Kirby v. Forbes, 141 Ala. 294, 299, 37 So. 411; Baker v. Pope, 49 Ala. 415, 418; Pryor v. Beck, 21 Ala. 393; Chitty on Plead., 332 et seq.; Gould's Pl. (Will's) 228. It is sufficient to state the legal effect of the agreement, the intention of the parties as it may be collected from the entire instrument, and then state in what respects it has been breached by defendant to plaintiff's damage. Watt's Ex'rs v. Sheppard, 2 Ala. 425, 432. In short, a breach must be so assigned as to show that the contract obligation has been broken, and that the plaintiff has a cause of action. Stearnes v. Edmonds, 189 Ala. 487, 491, 66 So. 714. * * *

"In the Babcock Case [149 Ala. 665, 43 So. 21] Chief Justice Anderson observed that the complaint averred that the bill was dismissed and the injunction was dissolved. 'This was a sufficient averment of a breach.' Thus in effect was modified Dunn v. Davis, 37 Ala. 95, even if applicable. This rule is supported by the text, and the authorities collected by Mr. High, in his work on Injunctions (4th Ed.) §§ 1476, 1649A, and by 22 Cyc. 1028, note 41; 27 Cent.Dig. [In-

junction] § 534." 201 Ala. 456, 460, 78 So. 834, 838. Section 9531, subsec. 7, code 1923.

There was no error in overruling the demurrer to either count of the complaint. Kilgore v. Kimbrell, 231 Ala. 148, 163 So. 896.

The Court of Appeals says "that the trial court committed no error in sustaining these demurrers [to pleas of defendant] for the reason, if for no other, that there was no allegation showing that any notice was given to an agent of the plaintiff having authority to cancel the bond, nor to such general agent as would constitute a notice to the plaintiff, as is required by Agricultural Code of Alabama, §§ 398–400, inclusive, see Acts 1927, p. 60."

The suit is not for breach of contract, but for payment of a claim arising under the contract treated as existing. It is established that one having the right of revocation may, by due notice and action, indicate that he will no longer be bound by a contract. In the event of a breach of a contract, the party to whom notice is given may not treat the contract in force and sue for money to become due under the terms of the contract. That is to say, that after the breach of an executory contract plaintiff's recovery is limited to damages for breach. United States Shipping Board Emergency Fleet Corporation v. Sherman & Ellis, Inc., 208 Ala. 83, 93 So. 834; Kern v. Friedrich, 220 Ala. 581, 126 So. 857; Worthington v. McGarry, 149 Ala. 251, 42 So. 988; Davis v. State, 146 Ala. 120, 41 So. 681.

In the several pleas—2, 3, 5, 6, and 7—there is a lack of averment that defendant had the right of revocation, and that the agent to whom notice was given had authority to bind plaintiff by that notice or to cancel the bond in question. We are therefore in accord with the ruling of the Court of Appeals sustaining demurrers to these pleas as amended.

Plea 4 is in the following language: "Defendant says that there was no valid consideration for the agreement alleged to have been made by the defendant." The use of the words "valid consideration" justified the sustaining of demurrer thereto. In Kolsky v. Enslen, 103 Ala. 97, 15 So. 558, and Giles v. Williams, 3 Ala. 316, 37 Am. Dec. 692, the pleas were that the agreement is without consideration, and very different from plea 4 before us. Armstrong v. Walker, 200 Ala. 364, 76 So. 280; Gidley et al. v. Gidley, 201 Ala. 507, 78 So.

861; Norwood v. Stinnett, 202 Ala. 349, 80 So. 431; L.R.A. 1917F, page 581, note. In all these decisions it is apparent that the words employed by the pleader were those of the lack of consideration, and not those of a sufficient and valid consideration. There is no error in the ruling of the Court of Appeals on demurrer to plea 4.

It follows that the petition for certiorari may not be maintained, and the writ is denied.

Writ denied.

ANDERSON, C. J., and KNIGHT, J., concur.

BROWN, J., concurs only in conclusion.